◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. KENNETH PATNO, Appellant.— Appeal from a judgment of conviction of the crimes of burglary, third degree, and petit larceny. The conviction was predicated upon circumstantial evidence which defendant alleges· on this appeal does not establish his guilt beyond a reasonable doubt. The defendant was indicted on three counts: Burglary, third degree, that on January 23, 1959 he broke and entered Guy's Ice Cream Company, Inc., in the City of Plattsburgh, with the intent to commit the crime of larceny. Petit larceny, that he took from the ice cream company money in the amount of approximately $20. Possession of burglary tools after a prior conviction in violation of section 408 of the Penal Law in that he had in his possession a piece of pliable metal that could be used to open doors and act as a jimmy. The jury found the defendant guilty of burglary and petit larceny, but not guilty of possession of burglar tools. Among the errors claimed by the defendant was the testimony of the police officer as an expert. The police officer should not have given his opinion but should have been limited to stating the facts. At the trial he testified to his years of experience in dry-cleaning plants and that he was familiar with clothing materials. He stated the pieces of fabric — contained in a transparent cellophane case — and the jacket were of the same material and "in my opinion, those two pieces exactly match the pieces that are missing, both in material, in shape and in color". Such an answer was error and under the circumstances requires a reversal. The witness was not shown qualified to testify as an expert and to give such an opinion. On the retrial the District Attorney may decide to call a qualified expert experienced in such matters who by examination and tests, for example, enlargement of the exhibits, measurements, microscopic examination and other well-known means, may be able to express an opinion as to the similarity of the material, whether the pieces of fabric matched the gouges and such other information associated with the pieces of fabric and the jacket. Whether necessity exists for expert testimony will be determined by the Trial Judge and he is given a wide latitude of discretion in determining the necessity for such tests. The difficulty with the proof in the present record is that the police officer, under the circumstances, was not qualified to express an opinion on the subject matter. It is not necessary to discuss any further alleged errors. Judgment of conviction reversed on the law and the facts and a new trial ordered. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.

◼ In the Matter of the Claim of LILLIAN POLAN, Respondent, J. W. MAYS, INC., Appellant; MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— Appeal by an employer from a decision of the Unemployment Insurance Appeal Board which held claimant eligible to receive benefits without disqualifying conditions. The issue is identical with that presented in *Matter of Sellers* [*Catherwood*] (13 A D 2d 204) which mandates reversal of the board's decision in this case. Decision reversed, with costs· to appellant against respondent Commissioner. Bergan, P. J., Coon, Herlihy and Reynolds, JJ., concur.