■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DONALD HOWARD BUTT, Appellant.— Judgment of the County Court, Suffolk County, rendered March 3, 1967, convicting defendant of assault in the second degree, upon a jury verdict, reversed, on the law, and indictment dismissed. The findings of fact are affirmed. Defendant was indicted for rape in the first degree and assault in the second degree, both crimes arising out of the same facts. The jury acquitted him on the rape charge but found him guilty of assault in the second degree. However, where a criminal assault is committed solely in furtherance of the ultimate goal of rape and the complainant testifies that she was raped, a conviction for the assault cannot stand in the absence of evidence corroborating that testimony (*People* v. *English*, 16 N Y 2d 719; *People* v. *King*, 26 A D 2d 832; *People* v. *Debe*, 24 A D 2d 868; *People* v. *Sigismondi*, 49 Misc 2d 1, affd. 27 A D 2d 937, affd. 21 N Y 2d 186). On the posture of the evidence at bar, the jury's verdict acquitting defendant on the rape charge may well have been based on the lack of corroboration of the complainant's testimony. Accordingly, the judgment convicting defendant of assault in the second degree cannot stand. Christ, Acting P. J., Brennan, Rabin and Martuscello, JJ., concur; Munder, J., dissents and votes to affirm the judgment.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PETER FERRARA, Appellant.— Appeal from a judgment of the County Court, Nassau County, rendered December 12, 1966, convicting defendant of first degree robbery, first degree grand larceny and two counts of second degree assault, upon a jury verdict, and imposing concurrent sentences of 15 to 60 years on the robbery count, 10 to 20 years on the larceny count and 5 to 10 years on each assault count. Judgment reversed, on the law, and new trial ordered. The findings of fact below have not been considered. In our opinion, defendant was deprived of a fair trial by the following errors: (a) on the direct examination of an accomplice, called as a People's witness, the prosecutor elicited testimony that he had pleaded guilty to the very crime for which defendant was being tried, and the court repeated that testimony in his charge, without instructing the jury that it could be considered only as to the witness's credibility and not as to defendant's guilt (*People* v. *Colascione*, 22 N Y 2d 65; *People* v. *Edwards*, 282 N. Y. 413; *People* v. *Ryan*, 27 A D 2d 698; *People* v. *Curatolo*, 7 A D 2d 996; *Payton* v. *United States*, 222 F. 2d 794, 796); (b) the court's charge was inadequate on the subject of accomplices, testimony by accomplices and the need for corroboration of such testimony (see *People* v. *Curatolo, supra*; *People* v. *Sparks*, 24 A D 2d 538; *People* v. *Watford*, 19 A D 2d 731); and (c) the court charged the jury that it could convict defendant as a principal even if he was not present at the crime scene, despite the fact that there was no proof to support such a theory of guilt (see *People* v. *Mullen*, 22 A D 2d 756; *People* v. *Wright*, 17 A D 2d 151, 152, cert. den. 379 U. S. 938). Beldock, P. J., Rabin, Benjamin, Munder and Martuscello, JJ., concur.