■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH RANDOLPH, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered September 29, 1972, convicting him of robbery in the first degree, grand larceny in the third degree and assault in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, as a matter of discretion in the interest of justice, and new trial ordered. Appellant was deprived of a fair trial for three reasons. First, the prosecutor in his summation referred to the statements of the two indicted codefendants made at the time of their pleas of guilty to the crime for which appellant was on trial. Only the statement of one was in evidence and that for the limited purpose of impeaching the witness' credibility. Second, the testimony of the

indicted codefendant witnesses concerning their pleas of guilty was not limited by any instruction to the jury (*People* v. *Colascione,* 22 N Y 2d 65, 73; *People* v. *Ferrara,* 30 A D 2d 814). Third, the trial court's instruction on the application of the principle of reasonable doubt was "Is there a doubt as to the defendant's guilt of each and every element of the crime? To acquit this defendant your answer must be yes." This instruction erroneously reversed the burden of proof. Latham, Acting P. J., Shapiro, Cohalan, Brennan and Benjamin, JJ., concur.