## (May 14, 1981)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD BARBER, Appellant. — Appeal from a judgment of the County Court of Ulster County, rendered May 23, 1979, upon a jury verdict convicting defendant of one count of robbery in the first degree and three counts of robbery in the second degree. As a result of an incident which allegedly occurred at approximately 9:00 A.M. on November 9, 1978 in the Alton Snyder residence in Kingston, New York, wherein three masked individuals entered the premises and stole property therefrom, defendant was accused by indictment of two counts of robbery in the first degree (Penal Law, § 160.15), three counts of robbery in the second degree (Penal Law, § 160.10) and four counts of burglary in the second degree (Penal Law, § 140.25). Following a trial, the jury ultimately found defendant guilty of one count of robbery in the first degree and three counts of robbery in the second degree, and defendant was thereupon sentenced to an indeterminate term of 7½ to 15 years on the first degree robbery conviction and to indeterminate terms of 5 to 10 years on each of the second degree robbery convictions, all terms to run concurrently. This appeal ensued. Initially, we find that the People presented sufficient evidence to support the guilty verdict and defendant's contention that there was inadequate corroboration of accomplice Benjamin Molina's testimony is without merit. There was presented at the trial nonaccomplice testimony placing defendant near the scene of the crime shortly before its commission. Moreover, defendant is six feet five inches tall, and one of the robbery victims testified that she was accosted by a "real tall" individual who was wielding a toy pistol used during the robbery. Also, there was additional corroborative evidence establishing that defendant rejoined the other perpetrators of the crime as they commenced their flight from the Kingston area in a taxicab shortly after the robbery. Under these circumstances, we conclude that the corroborative evidence presented was sufficient (cf. *People v Glasper,* 52 NY2d 970; see, also, *People v Daniels,* 37 NY2d 624). Nonetheless, we cannot affirm defendant's convictions because of an error in the court's charge to the jury concerning accomplice Molina's guilty plea about which Molina testified upon direct examination by the People. Although the court properly instructed the jury that the plea could be considered as to Molina's credibility, it neglected to charge the jury that the plea did not constitute and could not be considered as proof of defendant's guilt. The situation in this instance is closely analogous to that presented in *People v Colascione* (22 NY2d 65) and wherein the trial court left it to the jury to determine whether a conspiracy existed between the alleged

perpetrators of a crime. The jury was then instructed that, if there was a conspiracy, the guilty plea of one of the conspirators could be considered as evidence of the other conspirator's guilt. The Court of Appeals found this instruction to the jury to be erroneous, and we reach the same result here. That being so and there not being overwhelming proof of defendant's guilt (see *People v Crimmins,* 36 NY2d 230), the judgment of conviction must be reversed as a matter of discretion in the interest of justice and this matter remitted for a new trial *(People v Colascione, supra; People v Randolph,* 46 AD2d 683; *People v Ferrara,* 30 AD2d 814). We need reach no other issue. Judgment reversed, as a matter of discretion in the interest of justice, and a new trial ordered. Mahoney, P.J., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.