■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY WILSON, Appellant. — Appeal from a judgment of the County Court of Schoharie County (Lamont, J.), rendered June 16, 1982, convicting defendant upon his plea of guilty of the crime of attempted burglary in the second degree. As a result of incidents which occurred on January 22, 1982 in the Village of Cobleskill, Schoharie County, wherein the Plaza Laundromat and the Cobleskill Car Wash were allegedly entered illegally and property was allegedly stolen therefrom, defendant was indicted on one count of burglary in the second degree (Penal Law, § 140.25, subd 1, par [a]), one count of burglary in the third degree (Penal Law, § 140.20), one count of grand larceny in the third degree (Penal Law, § 155.30, subd 7), and two counts of petit larceny (Penal Law, § 155.25). Subsequently, his motion to suppress an inculpatory statement which he had given to the police was denied, and he was thereafter permitted to plead guilty to the reduced charge of attempted burglary in the second degree (see Penal Law, § 110.00) in full satisfaction of the indictment. As a second felony offender, he was then sentenced to an indeterminate term of imprisonment of two to four years. The instant appeal followed. We hold that the challenged judgment should be affirmed and, in so ruling, find unpersuasive defendant's sole contention that his inculpatory statement should have been suppressed as involuntary, pursuant to CPL 60.45 and *Dunaway v New York* (442 US 200), because at the time the statement was made he had been taken into custody without probable cause. The facts as found by the trial court after the suppression hearing were to the effect that defendant, who was experienced in the criminal justice system, voluntarily accompanied the police to headquarters, that he was not arrested or handcuffed, that he was advised upon arriving at the police station that he was free to leave, and that he was fully advised of and knowingly and voluntarily waived his *Miranda* rights (see *Miranda v Arizona,* 384 US 436) before he made any inculpatory statement. Given these circumstances, which were adequately established by evidence

introduced at the suppression hearing, it is our judgment that defendant was not in custody and had not been illegally seized when any inculpatory statement was given and that *Dunaway v New York (supra)* is factually distinguishable from the present situation because in that earlier case the defendant, *inter alia,* was never advised that he was free to leave and in fact would have been restrained had he attempted to do so. Accordingly, while the Schoharie County District Attorney was plainly derelict in his failure even to respond to repeated requests from this court that he file a brief on this appeal (see *People v Sinclair,* 28 AD2d 183), defendant's conviction is nonetheless sustainable based upon the record in the case. Judgment affirmed. Main, J. P., Casey, Yesawich, Jr., Weiss and Levine, JJ., concur.