■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD BARBER, Appellant. — Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered December 23, 1981, upon a verdict convicting defendant of the crime of robbery in the first degree and two counts of the crime of robbery in the second degree. Defendant was originally convicted of one count of robbery in the first degree and three counts of robbery in the second degree, emanating from an indictment which charged him and two companions with the robbery of the Snyder family at 9:00 A.M. on November 9, 1978 in Kingston, Ulster County. The robbers who committed these crimes were masked and they bound, blindfolded and gagged Mrs. Snyder and her daughter before stealing cash and a coin collection. Defendant's original conviction was reversed by this court on appeal (81 AD2d 943). Defendant was retried and was again convicted of one count of robbery in the first degree, but only of two counts of robbery in the second degree. On this appeal, defendant urges several errors for reversal of this conviction, among which are the failure of the trial court to properly instruct the jury on the corroboration required of accomplice testimony and the insufficiency of the corroborative evidence required for such accomplice testimony. In regard to the first contention, the trial court charged precisely what was charged in *People v Dixon* (231 NY 111, 116), which has generally been held to be the proper standard for accomplice testimony (see, e.g., *People v Moses,* 91 AD2d 239, app dsmd 59 NY2d 667; *People v Ardito,* 86 AD2d 144, 160, affd 58 NY2d 842) and was recently reaffirmed by the Court of Appeals in *People v Dory* (59 NY2d 121). As to the sufficiency of the corroborative evidence, it appears from the record that one of the accomplices, Benjamin Molina, testified for the prosecution in exchange for his plea of guilty to one count of robbery in the first degree. Molina's testimony was substantially the same as that given in defendant's original trial, which this court held sufficient on defendant's prior appeal (81 AD2d 943, *supra*). Furthermore, as in the prior trial, defendant was identified by a cab driver named Tyler as having joined the other perpetrators of the crime as they commenced their flight from the Kingston area in the Tyler taxicab shortly after the commission of the robbery. Additionally, an accomplice witness named Landerway placed defendant in the vicinity of the robbery shortly before its commission and Mrs. Snyder testified that one of the masked robbers was "real tall", a fact substantiated by defendant's height of six feet, five inches. This corroborative testimony was sufficient to satisfy the statutory requirement of CPL 60.22 (subd 1). Defendant further contends there was error in his in-court identification by the witness Tyler at retrial. Tyler had viewed defendant for 5 to 10 minutes inside and just outside of his cab. Tyler testified that detectives showed him a "mug book" containing five pages and that he identified defendant as one of the persons depicted in the book. Tyler could not remember whether the other subjects were men or whether they were white or black. Therefore, defendant

argues that the hearing court erred in ruling the identification admissible at the *Wade* hearing because the evidence was insufficient to show that the identification was not improperly suggested. Inasmuch as the prosecution failed to produce the identification array or the officers who conducted it, there is some merit to defendant's argument. However, we view any error committed in this regard to be harmless since Tyler had a close range view of defendant for 5 to 10 minutes and positively identified defendant, thus providing an independent basis for the witness identification. Another of defendant's arguments concerns the *voir dire* examination of a juror named Ermer. In response to an inquiry, this juror stated that he would have a tendency to give more weight to a policeman's testimony because police officers were, in his opinion, "disinterested witnesses" unless some interest by the police officer in the outcome of the case was shown to exist. After a colloquy with the court, both parties were permitted to *voir dire* the prospective jurors and in response to questioning by counsel for the defense, Mr. Ermer said he would judge the case fairly. Defense counsel challenged Mr. Ermer for cause and after conducting its own examination, the trial court disallowed the challenge. Considering the other answers to questions given by Mr. Ermer, it is clear that he stated he could render an impartial verdict based solely on the evidence (*People v Biondo,* 41 NY2d 483) and that the trial court did not abuse its discretion in refusing to disqualify the juror (*People v Genovese,* 10 NY2d 478). We have examined defendant's other contentions and have concluded that they lack merit or that any error committed is not such as to require reversal. Judgment affirmed. Mahoney, P. J., Sweeney, Kane, Main and Casey, JJ., concur.