## (December 29, 1983)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CATHERINE D. O'NEAL, Appellant. — Appeal from a judgment of the County Court of Chemung County (Monroe, J.), rendered September 18, 1981, upon a verdict convicting defendant of the crimes of burglary in the third degree and petit larceny. Defendant was indicted for burglary in the third degree and petit larceny for her role in the burglary of the Seager, Tetor, and Lovejoy Hardware Store in the City of Elmira on April 16, 1981. After a trial by jury, defendant was found guilty as charged. On this appeal, she raises several grounds for reversal. Because we find merit to one such ground, we reverse and remit for a new trial. At trial, one of the witnesses for the prosecution was Kenneth Green, who had participated in the burglary and had, in fact, pleaded guilty to burglary in the third degree for his role in the crime. The prosecutor asked Green whether he had pleaded guilty to burglary for his participation in this incident. Green invoked his Fifth Amendment privilege against self incrimination despite the fact that he had already pleaded guilty and could not further incriminate himself. The prosecutor asked County Court to take judicial notice of Green's plea and County Court, in so doing, read in the jury's presence that Green had earlier pleaded guilty in County Court to burglary in the third degree for his role in this crime. Although this practice of taking judicial notice of the conviction is suspect (see CPL 60.40), we conclude that reversal is required because the jury was never instructed that Green's plea did not constitute and could not be considered as proof of defendant's guilt, and defendant could have been prejudiced by this omission (see *People v Colascione,* 22 NY2d 65, 73; *People v Barber,* 81 AD2d 943, 943-944). Accordingly, the judgment of conviction must be reversed as a matter of discretion in the interest of justice and a new trial is required (see *People v Barber, supra*). Judgment reversed, as a matter of discretion in the interest of justice, and a new trial ordered. Main, Mikoll and Yesawich, Jr., JJ., concur; Sweeney, J. P., and Kane, J., dissent and vote to affirm.