■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN ALBERT LANCE, Appellant. — Appeal from a judgment of the County Court of Broome County (Coutant, J.), rendered March 12, 1982, convicting defendant upon his plea of guilty of the crime of burglary in the third degree. ¶ While investigating a burglary on Amsbry Street in the City of Binghamton, police were told that one Stephen Oakley and another known only as "Clyde" had been seen on the roof of the building putting items into cartons. Oakley's mother told the police that "Clyde" was defendant. When admitted into defendant's apartment by a woman, his paramour, the police found him asleep. He agreed to accompany the police to the station where, after being given *Miranda* warnings, he was interrogated about the Amsbry Street burglary. After denying involvement, defendant signed a form waiving his *Miranda* rights and was questioned about a previous burglary in the building where he resided. He made oral and written confessions and was thereupon arrested and charged with burglary in the third degree, allegedly committed at 28 Louisa Street in Binghamton. Following denial of his motion to suppress the statements on the ground that he was improperly interrogated in custody without probable cause, defendant pleaded guilty to the charge and was sentenced to the 113 days he had already served in jail and five years' probation. ¶ We hold that the conviction should be affirmed, thereby rejecting defendant's contention that his confession was the product of an illegal detention without probable cause as in *Dunaway v New York* (442 US 200). In determining whether defendant was in custody, we look to what a reasonable person, innocent of any crime, would have thought under the circumstances (*People v Yukl*, 25 NY2d 585, 589, cert den 400 US 851). The

determination is essentially one for the trier of the facts (*People v McNeeley,* 77 AD2d 205, 208-209). Here, the suppression court astutely found that the police had a bona fide reason to initially interview defendant, and that he freely and voluntarily accompanied them to headquarters where he knowingly, intelligently and voluntarily waived the *Miranda* rights. The proof showed that two witnesses saw defendant on the roof of the burglarized premises on Amsbry Street placing items in a box. This information provided ample basis for the police to go to his residence and question him (see *People v Yanus,* 92 AD2d 674, 675). A review of the record further confirms that he voluntarily accompanied the police to the station (see *People v Wilson,* 96 AD2d 653; *People v Munro,* 86 AD2d 683). Once at the station, adequate *Miranda* warnings were given and, after waiving his rights, defendant freely and voluntarily confessed. There is nothing in this record to demonstrate that defendant either desired to or could not terminate the interview at any time. Nor is there anything to indicate defendant was aware that the interrogation room door was automatically locked. On this record, we cannot say the trial court erred in finding that the prosecution sustained its heavy burden of proving the voluntariness of defendant's confession (see *People v Whitehurst,* 25 NY2d 389, 391; *People v Patterson,* 88 AD2d 694, affd 59 NY2d 794). ¶ Judgment affirmed. Casey, J. P., Weiss, Yesawich, Jr., Levine and Harvey, JJ., concur.