■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH BAIRD, Appellant. — Weiss, J. Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered August 1, 1983, upon a verdict convicting defendant of the crime of murder in the second degree.

Defendant, along with three others, was charged in a four-count indictment with, *inter alia,* murder in the second degree (felony murder). The charges emanated from the arson of a dwelling house on March 9, 1983 resulting in the tragic death of a 16-month-old infant. The underlying facts are set forth in our previous decision concerning one of the codefendants (*see, People v Miller,* 108 AD2d 1053).

During the early morning hours of April 15, 1984, after being informed of defendant's involvement in the arson, the police arrived at defendant's home in the City of Albany and were invited in by his mother. The police advised defendant that his aunt, Catherine Price, had been arrested and requested that he accompany them to the State Police barracks in Loudonville. Both defendant and his mother agreed, and were separately transported to Loudonville. Defendant was not arrested at this time. The investigating officer later testified that upon arrival at the police station, and after apprising defendant of his *Miranda* rights, "I said to [defendant] 'You've got a problem here.' I told him Catherine was under arrest and has been telling us information that he burned a house in Watervliet * * * He looked at me and he said, 'I didn't do it all, they paid me $50.'" Defendant then signed a written confession and, after consulting with his mother, signed a second, more detailed written confession. Defendant's motion to suppress these statements was denied after a hearing. His further motion for a severance was also denied. After being tried together with codefendant Joseph Miller, defendant was convicted of murder in the second degree and sentenced to an indeterminate term of 25 years to life imprisonment. This appeal ensued.

Initially, we note that both the severance issue and defendant's request for a mistrial, premised on "the plea bargain

which took Catherine Price out of the case and required her to testify against him" (*People v Miller, supra,* p 1056), have already been reviewed in our decision in *People v Miller* (*supra*), where we concluded that the severance request was properly denied (*see also, People v Close,* 90 AD2d 562, 564-565) and that the circumstances attendant Price's plea bargain and testimony did not warrant a mistrial. We discern nothing in the instant record to compel a different conclusion here.

We turn then to defendant's further contention that the warrantless "arrest" at his home violated his 4th Amendment rights, citing *Payton v New York* (445 US 573). Essentially, defendant maintains that when the police arrived at his home at approximately 4:00 A.M. knowing of his involvement in the arson, they intended to take him into custody and did just that. On this basis, defendant denied that he voluntarily accompanied the police, who effectively violated his constitutional rights by making a warrantless home arrest. We disagree.

Without question, a warrantless arrest in a suspect's home is prohibited absent exigent circumstances or consent (*Payton v New York, supra,* pp 588, 590; *People v Levan,* 62 NY2d 139, 144), even where probable cause for the arrest exists. The issue thus drawn is whether consent existed. In determining whether defendant was in custody or voluntarily accompanied the police, we look to what a reasonable person, innocent of any crime, would have thought under the circumstances (*People v Yukl,* 25 NY2d 585, 589, *cert denied* 400 US 851; *see, United States v Mendenhall,* 446 US 544, 554). The determination is essentially one for the trier of the facts, which should not be rejected unless unsupported as a matter of law (*People v Hartley,* 103 AD2d 935, *affd* 65 NY2d 703). Here, the record is devoid of any evidence of coercion. The suppression court found that the police were invited into defendant's home by his mother, albeit at an unusual hour. Both defendant and his mother then freely and voluntarily accompanied the police at their request. Although transported in separate cars, it is clear that defendant was neither handcuffed, searched, nor interrogated en route to the police barracks and that, upon his arrival, he knowingly and voluntarily waived his *Miranda* rights before making the inculpatory statements. The fact that questioning occurred at the station is not dispositive of the custody issue (*People v Close, supra; People v Munro,* 86 AD2d 683). In our view, there is ample basis for the suppression court's assessment of consent and, thus, the denial of defendant's motion to suppress his confessions was in all respects proper (*see, People v Lance,* 103 AD2d 893; *People v Lum,* 102 AD2d 992; *People v Gates,* 101

AD2d 635; *People v Winchell,* 98 AD2d 838, *affd* 64 NY2d 826; *People v Mertens,* 97 AD2d 595; *People v Wilson,* 96 AD2d 653).

Finally, insofar as the record permits, we have reviewed defendant's claim of ineffective assistance of counsel and find it unavailing. Our review of the entire record confirms that meaningful and effective representation was provided (*see, People v Baldi,* 54 NY2d 137; *People v Aiken,* 45 NY2d 394, 400; *People v Reddy,* 108 AD2d 945; *see also, People v Morris,* 64 NY2d 803).

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.