THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED LONG, Appellant.

Memorandum: Defendant appeals from denial of his motion to suppress evidence which he claims was obtained as a result of an unlawful arrest without a warrant in the apartment where he was staying. The People contend that the arrest was proper as the police entered with the consent of Katherine Pecori, in whose apartment defendant was staying. Testimony at the suppression hearing reveals that, when approached in the hallway by a police officer inquiring about defendant, Pecori

advised that defendant was in the apartment, having just arrived. She admitted the officer into the apartment and told defendant that the officer was looking for him. The officer then transported defendant to the scene of a hit-and-run accident where he was identified by a witness and physical evidence was discovered on his person.

A warrantless arrest in a suspect's home or a place in which he has a reasonable expectation of privacy is prohibited absent exigent circumstances or consent (*Payton v New York,* 445 US 573, 588; *People v Levan,* 62 NY2d 139, 143-144). Since concededly there were no exigent circumstances, the arrest of defendant was lawful only if there was consent to the police entry. Whether consent is given voluntarily or is the product of police coercion, express or implied, is a question of fact to be determined from the totality of the circumstances (*Schneckloth v Bustamonte,* 412 US 218, 227). Here there were no threats or coercive behavior by the police and Pecori's cooperation with the police investigation is evidence of voluntary consent (*see, People v Gonzalez,* 39 NY2d 122, 129; *People v Abrams,* 95 AD2d 155). Although there were no specific words of consent, Pecori's consent could be inferred from her conduct, i.e., her words, deeds and gestures in admitting the police officer into her apartment (*see, People v Whitehurst,* 25 NY2d 389, 392; *People v Abrams, supra*). Inasmuch as the police obtained consent to enter the apartment without a warrant, defendant's motion to suppress was properly denied. (Appeal from judgment of Jefferson County Court, Van Auser, J.—criminal possession of stolen property, first degree, and other offenses.) Present—Callahan, J. P., Denman, Pine, Balio and Lawton, JJ.