■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES P. BOWERS, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), rendered July 31, 1985, upon a verdict convicting defendant of the crime of robbery in the first degree.

On January 16, 1984, after consuming a considerable quantity of alcohol, defendant allegedly robbed at knife point a convenience food store in the Town of Sand Lake, Rensselaer County. Police investigation of the crime led them to a motel in Albany County where defendant and his two accomplices were temporarily residing. The police gained entrance to the room purportedly upon the consent of one of its occupants. Defendant and others in the room were subsequently placed under arrest. After being informed of his constitutional rights, defendant made certain inculpatory statements. Defendant was indicted and brought to trial on the charge of robbery in the first degree. Central to his defense was his assertion that his degree of intoxication negated the requisite intent element of the charged crime. Defendant was found guilty of the charged crime and was sentenced to a term of 5 to 15 years' imprisonment. This appeal ensued.

Defendant contends that the warrantless entry into the motel room where he was residing was in violation of his constitutional rights and thus statements made and items seized following the entry should have been suppressed. Police may not, without a warrant, enter a private dwelling in order to arrest its occupant in the absence of consent or exigent circumstances *(Payton v New York,* 445 US 573; *People v Levan,* 62 NY2d 139). Consent to enter a private dwelling does not necessarily have to come from the defendant *(see, United States v Matlock,* 415 US 164, 171; *People v Adams,* 53 NY2d 1, 8, *cert denied* 454 US 854). Here, the police officers involved in the arrest of defendant testified at the suppression hearing that one of defendant's accomplices freely opened the door to the motel room and allowed them to enter. Defendant related a different version of the police officers' entry, creating a credibility issue. When faced with a credibility question, the trial court's findings will generally be upheld in the absence of extraordinary circumstances *(People v Jackson,* 101 AD2d 955; *People v Quinones,* 61 AD2d 765). No such circumstances are present here. Consequently, we conclude that County Court did not err in denying defendant's suppression motion.

We are unpersuaded by defendant's argument that County Court erred when it refused to allow expert testimony on alcoholism and alcohol blackouts. The admission and scope of

expert testimony is addressed primarily to the discretion of the trial court *(see, e.g., People v Cronin,* 60 NY2d 430, 433; *People v Patno,* 13 AD2d 870). It was within County Court's discretion to exclude this expert testimony since there was ample evidence of defendant's inebriation and the jury could be presumed to be familiar with the effects of alcohol on an individual's mental state *(see, People v Kehn,* 109 AD2d 912, 913-914).

Defendant's contention that the sentence imposed should be reduced in the interest of justice is unavailing since there has neither been a showing of extraordinary circumstances nor an abuse of discretion by the sentencing court *(see, e.g., People v Andrews,* 115 AD2d 807).

We have considered defendant's remaining argument regarding the admission into evidence of a prior sworn statement by a codefendant and conclude that any error which may have been made was harmless *(see, People v Fuller,* 50 NY2d 628, 638).

Judgment affirmed. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.