■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS SCOVILLE, Appellant.—Casey, J. Appeal from a judgment of the County Court of Warren County (Moynihan, Jr., J.), rendered May 6, 1986, upon a verdict convicting defendant of the crimes of burglary in the first degree and assault in the second degree.

Following his indictment charging burglary in the first degree and two counts of assault in the second degree, defen-

dant negotiated a plea bargain requiring his plea to attempted burglary in the first degree. Prior to sentencing on March 18, 1986, County Court informed defendant that the presentence report prohibited its acceptance of the plea as offered and defendant was permitted to withdraw it.

At trial, which commenced April 15, 1986, testimony revealed that defendant and an accomplice, Kevin Wiedl, had committed a series of burglaries in the evening of July 4 and the early morning hours of July 5, 1985, among which was the breaking and entering of the residence in the City of Glens Falls of Genevieve Carter, a 93-year-old woman. She testified to the breaking and entering, to having been beaten by defendant in and about the face, head and back, and to the items of property taken. Wiedl generally confirmed the victim's version of the event and that defendant had struck the victim with his fist. Wiedl had previously pleaded guilty to a felony charge and had received a one-year sentence in the Warren County Jail. Daniel Scoville, a cousin of defendant, and Kevin Carpenter testified to admissions made to them by defendant.

At the conclusion of the People's proof, County Court, *sua sponte* dismissed that count of the indictment charging assault in the second degree with the use of a dangerous weapon, leaving in tact the two counts of the indictment of which defendant was convicted by the jury. Based thereon, defendant was sentenced to concurrent indeterminate prison terms of 5 to 15 years and 2⅓ to 7 years.

On this appeal, defendant contends that County Court's failure to admonish the jury not to draw any inference of defendant's guilt from the accomplice's plea, which was elicited by the prosecution at trial, constituted reversible error. We disagree. It is undisputed that the court properly charged CPL 60.22 (2) in regard to the complicity of Wiedl. Inasmuch as the proof of defendant's participation in the crimes of which he was convicted is overwhelming, we do not consider the court's failure to charge *sua sponte* that the jury was not to draw any inference of defendant's guilt from the accomplice's plea as reversible error or reason for us to reverse in the interest of justice *(cf., People v Lewis, 107 AD2d 838)*.

We further find, contrary to defendant's claim, that the sentence imposed was not, in the circumstances, cruel or unduly harsh. Accordingly, the judgment of conviction should be affirmed.

Judgment affirmed. Main, J. P., Casey, Weiss, Mikoll and Yesawich, Jr., JJ., concur.