■ The People of the State of New York, Respondent, v William James Allen, Jr., Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted after a jury trial of burglary in the third degree, petit larceny and criminal mischief in the fourth degree. He was sentenced as a predicate felon to concurrent terms, the longest of which is 3½ to 7 years. He contends that the court erred in refusing to charge that his accomplice's plea of guilty was not evidence against him; that he was deprived of a fair trial by the prosecutor's statements on summation; that the court erred in refusing to charge criminal trespass as a lesser included offense of burglary; and that his sentence is harsh and excessive.

Defendant's accomplice, William Krom, pleaded guilty to burglary in exchange for a 2-to-4-year sentence and agreed to testify against defendant. Following the close of proof, defendant requested the court to charge that Krom's guilty plea should not be considered as evidence against defendant. The court declined to so charge but informed defense counsel that he could mention it in his closing statement. The court did charge the jury, however, that its deliberations should relate only to defendant's guilt or innocence and that "under our law there is no such thing as guilt by association".

The court should have granted defendant's request to charge that the guilty plea of an accomplice does not constitute proof of defendant's guilt and should not be considered by the jury *(see, People v Lewis,* 107 AD2d 838, 840; *People v O'Neal,* 98 AD2d 906; *People v Barber,* 81 AD2d 943, 944). Nevertheless, in view of the overwhelming evidence against defendant, that error was harmless. There is no significant probability that the jury would have acquitted but for the error *(see, People v Scoville,* 132 AD2d 731, 732, *lv denied* 70 NY2d 755; *People v Lewis, supra).*

Defendant took the stand and admitted that he and Krom picked up bricks and threw them through the windows of the jewelry store but denied that he reached in and stole jewelry and denied being aware that it was a jewelry store. Additionally, he testified that they had planned only to do "some type of vandalism" but didn't intend to commit a burglary. In referring to that testimony on summation, the prosecutor characterized it as "incredible" and commented sarcastically, in relation to defendant's claim that he and Krom were only "out to do vandalism", that Krom was spending two years in jail for doing vandalism. Defendant contends that, by being told that Krom was serving two years for vandalism when in fact he was serving two years for burglary, the jury could conclude that no matter what crime defendant was convicted of, he would receive the same sentence. That conclusion is not warranted. In the context in which it was made, it is clear that the prosecutor was merely seeking to ridicule defendant's claim that he intended to commit vandalism but not burglary. The jury was made aware throughout the trial that Krom was serving time for burglary.

Defendant also claims that it was error for the court to refuse to charge criminal trespass as a lesser included offense of burglary in the third degree. Although criminal trespass in the third degree is a lesser included offense of third degree burglary *(see,* Penal Law §§ 140.10, 140.20; *People v Blim,* 63

NY2d 718, 720), on the facts of this case it was proper for the court to refuse to charge that criminal trespass was a lesser included offense. Under no reasonable view of the evidence could the jury have found that defendant committed criminal trespass but not burglary. According to the People's proof, defendant threw a brick through the jewelry store window, reached in and stole jewelry, thus committing a burglary. According to defendant's testimony, he threw a brick through the store window, but did not reach into the store. Under defendant's version, the element of unlawful entry was not established and he could not have been found guilty of criminal trespass.

In view of defendant's extensive record, the sentence is not excessive. (Appeal from judgment of Onondaga County Court, Burke, J.—burglary, third degree, and other charges.) Present —Doerr, J. P., Denman, Balio, Lawton and Davis, JJ.