■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CAMILO MATUS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Delin, J.), rendered November 19, 1987, convicting him of rape in the first degree and sodomy in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence and statements made by him to the police.

Ordered that the judgment is affirmed.

While wearing a black "Ninja" costume, the defendant allegedly raped and sodomized the complainant in a laundry

area located inside a cooperative apartment complex where the complainant lived and where the defendant was temporarily residing with a friend. The defendant argues that reversal of the judgment of conviction is warranted, *inter alia,* because the hearing court failed to suppress the defendant's statements and the Ninja costume, which was found inside the apartment where the defendant was staying. We disagree.

The weight of the evidence at the hearing demonstrates that the police entered and searched the apartment where the defendant was temporarily residing with the consent of the owner of the apartment. Accordingly, the costume and clothes were properly admitted into evidence *(see, People v Adams,* 53 NY2d 1, *cert denied* 454 US 854; *People v Reid,* 136 AD2d 578, *cert denied* 486 US 1035; *People v Olkoski,* 131 AD2d 706; *People v Messam,* 112 AD2d 449; *People v Boccio,* 107 AD2d 816).

Further, the defendant's initial statements to the police were properly admitted because he was not in custody at the time they were made. Questions of custody are "to be resolved by the application of the objective standard of whether a reasonable person in the defendant's position, innocent of any crime, would have believed he was free to leave the presence of the police" *(People v Bailey,* 140 AD2d 356, 358; *see also, People v McIntyre,* 138 AD2d 634; *People v Oates,* 104 AD2d 907). Because the weight of the evidence indicates the defendant's initial statements were noncustodial, the hearing court correctly declined to suppress them *(see, People v McIntyre, supra,* at 636; *see also, People v Putland,* 105 AD2d 199; *People v Oates, supra; People v Yukl,* 25 NY2d 585).

We also reject the defendant's argument that his postarrest statements should have been suppressed because he was illegally arrested without a warrant. Ordinarily, a warrant is required to arrest a suspect in his home or in a place where he has a reasonable expectation of privacy *(see, Payton v New York,* 445 US 573). Because the police entered the apartment where the defendant was arrested with the owner's consent, and had probable cause, the warrantless arrest of the defendant was permissible *(see, People v Levan,* 62 NY2d 139; *People v Schof,* 136 AD2d 578; *People v Bowers,* 126 AD2d 897; *People v Long,* 124 AD2d 1016; *People v Sanders,* 122 AD2d 86). Thus, the defendant's postarrest statements, which were made after he voluntarily waived his *Miranda* rights, were properly admitted *(see, People v Casassa,* 49 NY2d 668; *People v Anderson,* 42 NY2d 35; *People v Hoyer,* 140 AD2d 853; *People v Spivack,* 111 AD2d 884).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

We have considered the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Brown, Kunzeman and Sullivan, JJ., concur.