■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLENN TASKER, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered April 4, 1989, convicting defendant upon his plea of guilty of the crimes of sodomy in the first degree and sodomy in the second degree.

On June 2, 1988 City of Binghamton Police Investigator Gerald Shoemaker, acting upon a complaint filed by a social services worker, commenced investigation into a child abuse complaint concerning a six-year-old boy who allegedly had been sexually abused by an 11-year-old girl. During the course of an interview, the boy indicated that he had observed similar activity involving his father, defendant herein, with the 11-year-old girl and with another eight-year-old girl. Interviews with the boy and both girls confirmed defendant's activities.

On July 7, 1988 Shoemaker and Investigator Gerald Lynch went to defendant's home where his mother answered the door. Defendant appeared moments later and was informed that the police were investigating allegations of sexual abuse made by his son. Defendant stated that he had been expecting the police and was asked by Shoemaker if he would accompany them to the station to discuss the complaints. Defendant agreed to do so and went to his room to complete dressing while the investigators waited outside on the front porch. Defendant was not advised that he was required to accompany the police.

During the short ride to the police station, defendant was neither handcuffed nor otherwise restrained and was asked not to discuss the matter until they were at the station. At the station, defendant was advised of his constitutional rights, which he waived, and he consented to the interview. During

the course of the interview, defendant made a lengthy confession and thereafter consented to the search of his bedroom. After the search and a further confession, defendant was arrested. His motion to suppress his statements and the fruits of the search was denied after a hearing. Other hearings resulted in a determination that defendant was competent to stand trial and that the young girls were competent to testify. Thereafter, pursuant to a negotiated arrangement, defendant pleaded guilty to one count of sodomy in the first degree and one count of sodomy in the second degree in satisfaction of a nine-count indictment.

On this appeal, defendant contends that his confession and the fruits of the search should have been suppressed because they were the results of an illegal arrest. The determination of whether defendant was arrested and in custody or whether he voluntarily accompanied the police is assessed under the standard of what a reasonable person, innocent of any crime, would have thought under the circumstances (see, People v Baird, 111 AD2d 1044, 1045). That determination, made by the trier of the facts, "should not be rejected unless unsupported as a matter of law" (supra, at 1045). Here, the record fully supports County Court's determination that defendant voluntarily accompanied the police to the station, waived his constitutional rights and consented to the questioning. We find that the court properly denied the motion to suppress (see, People v Lance, 103 AD2d 893, 894; see also, People v Brainard, 122 AD2d 299).

Defendant next contends that County Court erroneously determined that he was competent to stand trial. In an analysis of conflicting proof of competency, great deference will be accorded findings of the hearing court (People v Orama, 150 AD2d 505, 506, lv denied 74 NY2d 744). Examination of the psychiatrists' testimony supports the finding that defendant was competent to stand trial. We also find no merit to defendant's contention that the young victims were incompetent to be sworn. There is sufficient basis in the record to establish that the victims, ages 10 and 12 at the time of the hearing, understood the nature of an oath and could distinguish between truth and falsity (see, People v Parks, 41 NY2d 36, 45-46, 50; see also, People v Ranum, 122 AD2d 959). We have considered defendant's remaining contentions and find them wholly without merit.

Judgment affirmed. Casey, J. P., Weiss, Levine, Mercure and Harvey, JJ., concur.