■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM F. DALY, Appellant.—Mahoney, J. Appeal from a judgment of the County Court of Washington County (Berke, J.), rendered May 18, 1990, upon a verdict convicting defendant of the crimes of burglary in the second degree (five counts) and petit larceny (three counts).

In February 1989, Village of Hudson Falls Police began investigating a series of burglaries in a multiunit apartment building in the Village of Hudson Falls, Washington County. While a latent fingerprint was obtained from certain evidence (a mug) secured from the scene of one of the burglaries, police were unable to match the fingerprint to a suspect. Accordingly, the investigation continued. Approximately one week later, another multiunit apartment building located at 121 Main Street in the Village was burglarized. Investigation into this incident led to the discovery of an eyewitness to the apparent aftermath of the burglary who saw a white male load a television and what appeared to be a stereo from the burgled dwelling into a taxicab. While the witness, a tenant, was unable to identify the subject, she provided police with the name of the taxicab company. Pursuit of this lead ultimately led to the discovery of the cab driver who handled the fare. The cab driver indicated that he was familiar with the person picked up at 121 Main Street, having previously worked with him at a nearby factory, and identified him, tentatively, as Bill Daly. He thereafter positively identified defendant from a photo array. A comparison of defendant's fingerprints with the latent print found on the mug at the scene of the first burglary produced a match, thus linking him to both crimes.

Police then learned that defendant was residing at his sister's home and, having reason to believe that defendant was home, proceeded to the residence to question him about the

burglaries. Defendant's brother-in-law, Rex Mengering, answered the door. Inasmuch as defendant had previously asked Mengering to tell the police that he was not at home, when the officers made inquiry, Mengering hesitated, but initially denied defendant's presence. While the testimony regarding the exact words used during the ensuing conversation between police and Mengering is in conflict, it appears that the officers advised him that legal consequences could result if his denial of defendant's presence was untrue. Thereafter, Mengering invited police to enter the home. Once in the home, defendant appeared and agreed to accompany the officers to the station where he made an inculpatory statement. He was thereafter arrested and charged with the above-noted crimes.

Prior to trial, defendant moved, *inter alia,* to suppress the inculpatory statement on the ground that he was subject to an illegal warrantless arrest in his home *(see, Payton v New York,* 445 US 573). County Court denied the motion on the procedural ground that defendant lacked standing to challenge the alleged illegal arrest because he did not have the requisite expectation of privacy in the premises. On the merits, the court concluded that there was no *Payton* violation inasmuch as entry into the home was with Mengering's consent and, in any event, no arrest occurred therein. Following trial, defendant was convicted of all charges set forth in the indictment. This appeal ensued.

We affirm. Under *Payton v New York (supra),* it is now clear that "absent consent or exigent circumstances, no private dwelling may be entered by the police to arrest its occupant if an arrest warrant has not been obtained" *(People v Levan,* 62 NY2d 139, 144). Notwithstanding County Court's suggestions to the contrary, it seems evident from a review of the uncontroverted evidence contained in the record that at the time in question defendant resided at the Mengering apartment *(cf., People v Bowers,* 126 AD2d 897). While, in view of this fact, it appears that the court erred in determining that defendant lacked standing to maintain the instant challenge *(see, People v Levan, supra,* at 144), this error does not mandate reversal because there is sufficient evidence to support the court's stated grounds for denying the motion on the merits.

Even assuming, arguendo, that defendant was actually taken into custody at his residence, a proposition which based upon County Court's findings appears unlikely *(see, e.g., People v Tasker,* 166 AD2d 753, *lv denied* 77 NY2d 844; *People v Jones,* 130 AD2d 511, 512; *People v Baird,* 111 AD2d 1044, 1045, *lv denied* 66 NY2d 761), we believe that County Court

properly determined that police entry into defendant's residence was consensual. It is well established that consent to enter a private dwelling need not come from the defendant but can come from a third party who possesses the requisite degree of control over the premises *(see, People v Bowers, supra; People v Lott,* 102 AD2d 506, 511). Whether the consent given is voluntary or the result of police coercion, express or implied, is a question of fact to be determined from the totality of the circumstances *(see, People v Long,* 124 AD2d 1016, 1017). Herein, it cannot be doubted that Mengering, the tenant of record, had authority to permit entry into the premises *(cf., People v Bowers, supra).* Likewise, we believe that the court's factual findings, which we see no reason to disturb *(see, People v Jackson,* 101 AD2d 955), establish that Mengering's consent was voluntarily given. In this regard, the remarks made by the officers to Mengering cannot be construed to be coercive but, rather, were advisory in nature. Having reason to believe that Mengering was not being truthful in denying defendant's presence, the remarks merely served to provide Mengering with a complete picture of the situation so as to enable him to make an informed decision. There thus being no merit to the claim that defendant was subject to an illegal warrantless arrest, suppression of the inculpatory statement was properly denied *(cf., People v Graham,* 161 AD2d 836, *lv denied* 76 NY2d 788).

We have reviewed defendant's remaining contentions and find them to be without merit.

Weiss, P. J., Levine and Mercur, JJ., concur. Ordered that the judgment is affirmed.