■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM CONNOLLY, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Hurley, J.), rendered September 27, 1990, convicting him of robbery in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statement to the police and identification testimony.

Ordered that the judgment is affirmed.

The evidence presented at the pretrial *Mapp* hearing demonstrated that the officers' entry into the house where the defendant was arrested was effectuated with the consent of the owner. The hearing court therefore properly declined to suppress the defendant's statement made at the time of his arrest *(see, People v Matus,* 166 AD2d 464; *People v Stevens,* 109 AD2d 856).

The defendant's assertion that the lineup procedure was

unduly suggestive is without merit *(see, People v Chipp,* 75 NY2d 327, 336, *cert denied* 498 US 833). Therefore, the defendant was not entitled to the complainant's production as a hearing witness *(People v Chipp, supra,* at 338; *People v Hucks,* 175 AD2d 213).

Viewing the evidence in a light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review *(see,* CPL 470.05 [2]), without merit, or harmless *(see, People v Nelu,* 157 AD2d 864; *People v Crimmins,* 36 NY2d 230, 242; *People v Winthrop,* 171 AD2d 829; *People v Sherman,* 156 AD2d 889). Mangano, P. J., Bracken, Sullivan and O'Brien, JJ., concur.