■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN PRICE, Appellant. [598 NYS2d 291] —Appeal by the defendant from a judgment of the County Court, Westchester County (Silverman, J.), rendered January 4, 1991, convicting him of murder in the second degree, manslaughter in the second degree, attempted robbery in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress oral and written statements given by him to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant, as one of a group of teenagers, was charged with crimes relating to murder and attempted robbery. It is alleged that the incident took place on Sunday, October 29, 1989, between 1:00 and 1:30 A.M. By 6:00 A.M., the police had garnered witness testimony that the defendant had been at the scene and had fired a shot. They then went to his house, where they told the defendant's father that they needed to question the defendant in connection with "an incident". The defendant and his father accompanied the police to the police station, where the police separated them, and took the defendant to an interrogation room, where, after being read his Miranda rights, he quickly confessed to being at the crime scene and firing a shot. He later signed a typed written statement of his oral confession.

Since it was Sunday and the courts were closed, the police followed their normal operating procedure of waiting for the courts to open on Monday before arraigning the defendant.

The next morning, Monday, October 30, 1989, before the courts opened, the police interviewed the defendant, after again reading him his rights. The interviewing officer, who believed that he had seen only one bullet wound in the victim's body, and who apparently believed that the shot had been fired by a codefendant, told the defendant that he did not believe that the defendant had shot the victim, and suggested

that the shooting had been the outgrowth of a robbery attempt. The defendant again confessed, reiterating the facts stated in his first confession, and adding that the killing had occurred during a robbery attempt. He then signed a typed version of this statement. After the second confession, a felony complaint was filed and the defendant was duly arraigned.

We reject the defendant's contentions that his confessions should have been suppressed. The October 29th confession was not rendered inadmissible because the police refused to allow the defendant's father to accompany him into the interrogation room. A refusal to allow a parent to see his child does not amount to a denial of counsel so as to render any subsequently obtained confession *per se* inadmissible *(see, People v Taylor,* 16 NY2d 1038; *People v Hocking,* 15 NY2d 973), although it is to be "weighed in the scales" *(People v Anderson,* 42 NY2d 35, 40). After taking the defendant to be interrogated, the police told his father the crime of which he was suspected. The record does not indicate that his father made further attempts to see him or obtain counsel. Nor did the defendant ask to see his father. Thus, it cannot be said that the police "sealed off the most likely avenue by which the assistance of counsel" could have reached the defendant "by deception and trickery" *(People v Townsend,* 33 NY2d 37, 41).

The October 30th confession was also admissible. There is no evidence of trickery or deceit by the police, who had reason to suspect that there had been a robbery attempt, and who discovered that the victim had been struck by two bullets, not one, only when the autopsy results became available two days after the second confession. Nor did the police attempt to delay arraignment in order to obtain an uncounseled confession, as is required for a successful appeal on the ground of unnecessary delay *(see,* CPL 140.20 [1]; *People v Cooper,* 101 AD2d 1).

We have considered the defendant's remaining contentions and find them to be without merit. Sullivan, J. P., Lawrence, Copertino and Santucci, JJ., concur.