■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH D. ROSATO, Appellant. [599 NYS2d 195] —Judgment unani-

mously affirmed. Memorandum: We reject defendant's contention that the Trial Judge should have recused himself. The fact that the Judge had been the District Attorney when defendant was prosecuted on prior unrelated criminal matters does not, without more, require recusal (see, People v Jabaut, 188 AD2d 1082; People v Alnutt, 172 AD2d 1061, lv denied 78 NY2d 1073; People v Jones, 143 AD2d 465, 467; see also, People v Moreno, 70 NY2d 403, 405; cf., People v Tartaglia, 35 NY2d 918, 919).

We also reject defendant's argument that his postarrest statement should have been suppressed as the product of an illegal arrest. Contrary to defendant's contention, his warrantless arrest within his girlfriend's home did not violate the principles enunciated in Payton v New York (445 US 573). The record supports the suppression court's determination that the police entry into the home was consensual and that the consent was voluntarily given (see, People v Daly, 180 AD2d 872, 874, lv denied 79 NY2d 1048; People v Matus, 166 AD2d 464, 465, lv denied 76 NY2d 1022; People v Long, 124 AD2d 1016). Thus, the suppression court properly denied defendant's motion to suppress his postarrest statement made after he twice had been apprised of his Miranda rights and voluntarily agreed to waive those rights (see, People v Daly, supra, at 874; People v Matus, supra, at 465; see also, People v Casassa, 49 NY2d 668, cert denied 449 US 842). Further, we conclude that defendant's statement was knowingly and voluntarily made (see, People v Barksdale, 140 AD2d 531, 532, lv denied 72 NY2d 915).

The jury could reasonably have concluded that the structure involved in the crimes constituted a "building" within the meaning of the burglary statutes (see, Penal Law § 140.00 [2]; see also, People v Mincione, 66 NY2d 995; People v Schmid, 124 AD2d 896, lv denied 69 NY2d 955; People v Fennell, 122 AD2d 69, lv denied 68 NY2d 1000). The proof established that the structure was a permanent edifice used for "carrying on business therein" (Penal Law § 140.00 [2]), had a basement, was enclosed by cement block walls and a roof, and was supplied by electricity.

Defendant has not preserved for our review his contention that the trial court, having charged the jury that a witness was an accomplice as a matter of law, erred in failing to charge the jury that the witness's guilty plea was not binding on defendant (see, CPL 470.05 [2]). In any event, the court's error in failing to give that charge was harmless in view of

the overwhelming evidence against defendant *(see, People v Weinberg,* 183 AD2d 932, 934, *lv denied* 80 NY2d 977; *People v Allen,* 145 AD2d 957, 958, *lv denied* 73 NY2d 974). There is no significant probability that the jury would have acquitted defendant but for that error *(see, People v Crimmins,* 36 NY2d 230; *People v Allen, supra,* at 958; *People v Scoville,* 132 AD2d 731, 732, *lv denied* 70 NY2d 755).

Finally, we conclude that the sentence imposed was neither harsh nor excessive. (Appeal from Judgment of Ontario County Court, Harvey, J.—Burglary, 3rd Degree.) Present—Denman, P. J., Green, Balio, Fallon and Davis, JJ.