(November 17, 1994)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

ANTHONY M. WASHINGTON, Appellant. [619 NYS2d 360] —Mikoll, J. P. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered January 17, 1992, upon a verdict convicting defendant of the crimes of murder in the second degree and robbery in the first degree (two counts).

In the early morning hours of July 10, 1990, taxi cab driver Michael Zembek was robbed and murdered while at work in the City of Binghamton, Broome County. A police investigation implicated defendant and two other participants. Binghamton Police Sergeant Alex Minor and Lieutenant David Eggleston, who were long-time friends of defendant's mother, Lillian Johnson, and aware that defendant resided with her, decided to attempt to seek her cooperation in arranging an interview with defendant. The officers went to Johnson's apartment on July 12, 1990. Johnson answered the door and the two officers entered and spoke to her and defendant, who was present. They explained that defendant may have been involved in a homicide, that they believed he was not the shooter and wished to speak with him. The officers asked if defendant would be willing to go to the police station to be interviewed. Defendant agreed and the officers, defendant and Johnson drove to the police station. Defendant was not handcuffed or restrained in any away. At the police station defendant was given his *Miranda* warnings, which he voluntarily waived, and then made inculpatory oral and written statements describing his role in the crimes.

Defendant was subsequently indicted on two counts of robbery in the first degree and one count of murder in the second degree (felony murder). His motion to suppress the inculpatory statements given at the police station was denied by County Court following a hearing. Thereafter, defendant was tried before a jury, found guilty on all three counts, and sentenced to concurrent indeterminate prison terms of 17 years to life on the felony murder count and 8⅓ to 25 years on each robbery count. On this appeal, defendant argues that County Court erred in denying the suppression of his statements, claiming that they were the product of an illegal arrest in his home without a warrant and that the officers isolated him from his mother, the most likely source from which he could have obtained the assistance of counsel, to secure the statements.

There is no merit to defendant's contention that there was an illegal warrantless arrest in the home. Although conflicting evidence was presented on the issue, County Court resolved

the conflict, finding that the police entered the apartment upon consent. The evidence supports the conclusion *(see, People v Melendez,* 195 AD2d 856; *People v Rosato,* 193 AD2d 1052; *People v Hardy,* 187 AD2d 810, 812), defeating defendant's claim that a *Payton* violation occurred *(see, Payton v New York,* 445 US 573, 576). Johnson's testimony alone demonstrated that she tacitly consented to the officers' entry by her conduct in stepping aside and failing to direct them to leave or otherwise indicate that they did not have permission to stay *(see, People v Satornino,* 153 AD2d 595; *People v Schof,* 136 AD2d 578, *lv denied* 71 NY2d 1033; *People v Long,* 124 AD2d 1016). Moreover, County Court found that defendant was not arrested in his home but voluntarily agreed to accompany the officers to the police station *(see, People v Jones,* 130 AD2d 511; *see also, People v Tasker,* 166 AD2d 753, *lv denied* 77 NY2d 844).

Similarly, there was sufficient evidence in the record to support County Court's finding that defendant was not improperly isolated from his mother at the police station *(see, People v Bevilacqua,* 45 NY2d 508, 511) and the record is devoid of any evidence that the police used any deception or trickery at the station *(see, People v Salaam,* 83 NY2d 51, 55-56). As defendant was 18 years old at the time and not a legal minor *(see, People v Bevilacqua, supra,* at 513-514), there was no requirement that his mother be present during defendant's questioning by the police *(see, People v Pica,* 159 AD2d 524, *lv denied* 76 NY2d 794). Lacking any evidence that Johnson was tricked or deceived, and faced with her testimony that she did not attempt to obtain counsel for defendant or request to speak with him during the interview process but only asked if she would be permitted to see him before she left the station, County Court's ruling was not improper *(see, People v Price,* 193 AD2d 820, 821). Further, defendant's contention that he repeatedly asked for his mother during the questioning is contrary to the testimony of the officers that he made no such request. In any event, a request to see his mother is not the same as a request to have legal counsel present *(see, People v Fuschino,* 59 NY2d 91, 100).

Finally, we reject defendant's argument that his sentence should be reduced in the interest of justice because he has only a 10th grade education and is an alcoholic. The sentence is within statutory guidelines and, absent a clear abuse of the discretion vested in the sentencing court or the existence of extraordinary circumstances warranting a reduction of the

sentence, the sentence should not be disturbed *(see, People v Simoens,* 159 AD2d 818, *lv denied* 76 NY2d 743).

Crew III, Casey and Peters, JJ., concur. Ordered that the judgment is affirmed.