■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS SABAT, Appellant. [679 NYS2d 311] —Judgment, Supreme Court, New York County (Irene Duffy, J., at *Mapp* hearing; John Moore, J., at jury trial and sentence), rendered July 27, 1993, convicting defendant of two counts of criminal possession of a controlled substance in the third degree and two counts of criminal use of drug paraphernalia in the second degree, and sentencing him to two concurrent terms of 5 to 15 years concurrent with two concurrent terms of 1 year, respectively, unanimously affirmed.

Defendant's suppression motion was properly denied. The People met their burden of establishing that the codefendant effectively consented to a police entry into the subject apartment by stepping back from the door after the officer explained his reason for seeking entry (*People v Washington*, 209 AD2d 817, *lv denied* 85 NY2d 944; *People v Davis*, 120 AD2d 606, *lv denied* 68 NY2d 769).

A review of the overwhelming inculpatory evidence establishes that the court's refusal to deliver a circumstantial evidence charge was harmless error (*see, People v Brian*, 84 NY2d 887, 889). Concur—Sullivan, J. P., Wallach, Williams and Saxe, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS MANUEL, Appellant. [678 NYS2d 895] —Judgment, Supreme Court, New York County (James Leff, J.), rendered March 22, 1995, convicting defendant, after a trial by jury, of robbery in the second degree, and sentencing him, as a second violent felony offender, to a term of 4 to 8 years in prison, unanimously reversed, as a matter of discretion in the interest of justice, and the matter remanded for a new trial.

Defendant's conviction should be reversed in the interest of justice for the reasons set forth in our decisions reversing the convictions of his codefendants, i.e., *People v Medina* (242 AD2d 504) and *People v Rivera* (239 AD2d 171). Concur—Milonas, J. P., Rosenberger, Ellerin and Rubin, JJ.