■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY TAYLOR, Appellant. [806 NYS2d 472]—

Judgment, Supreme Court, New York County (James A. Yates, J.), rendered July 9, 2003, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

The court properly denied defendant's suppression motion. The record establishes that the police entered defendant's apartment with the voluntary consent of defendant's companion, with whom he lived (*see People v Gonzalez,* 39 NY2d 122 [1976]). The hearing court's finding of implied or tacit consent is supported by evidence that defendant's companion was insistent on showing the police an order of protection she claimed to have against the complainant, which she said was in the apartment, and that she did not protest when the officer accompanied her into the apartment. The companion's conduct, viewed as a whole, demonstrated that she voluntarily brought the officer into the apartment in order to show her the order (*see e.g. People v Smith,* 239 AD2d 219 [1997], *lv denied* 90 NY2d 911 [1997]; *People v Brown,* 234 AD2d 211 [1996], *affd* 91 NY2d 854 [1997]; *People v Washington,* 209 AD2d 817, 819 [1994], *lv denied* 85 NY2d 944 [1995]).

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility (*see People v Gaimari,* 176 NY 84, 94 [1903]). The fact that the jury acquitted defendant of other charges does not warrant a different conclusion (*see People v Rayam,* 94 NY2d 557 [2000]). To

the extent that defendant is also making a repugnant verdict argument, that claim is unpreserved and without merit. Concur—Buckley, P.J., Mazzarelli, Ellerin, Catterson and McGuire, JJ.