■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WENDELL FORBES, Appellant.—Judgment of the Supreme Court, New York County (Robert Haft, J.), rendered April 7, 1987, convicting defendant, after jury trial, of robbery in the first degree (Penal Law § 160.15 [4]) and robbery in the second degree (Penal Law § 160.10 [1]) and sentencing him to two concurrent indeterminate terms of imprisonment of from 5 to 15 years, unanimously affirmed.

Defendant contends that testimony of the arresting officer improperly bolstered the identification testimony of the complaining witness. However, this contention is not preserved as

a matter of law, and we decline to reach it (CPL 470.05 [2]). Were we to consider it, however, in the interest of justice, we would nevertheless affirm, finding it to be without merit. A third party may not testify that an identifying witness made an out-of-court identification since such testimony constitutes hearsay and improperly bolsters the witness's in-court identification *(People v Holt,* 67 NY2d 819). However, an arresting officer's testimony that the witness had the opportunity to view the defendant after his apprehension, which does not include a statement that the witness made an out-of-court identification, does not constitute bolstering *(People v Brown,* 140 AD2d 362). Further, even if the testimony had technically bolstered that of the complaining witness, it must be considered harmless where, as here, there is overwhelming proof of guilt and no significant probability that defendant would have been acquitted but for the bolstering *(People v Johnson,* 57 NY2d 969, 970).

Defendant also contends that the prosecution's burden of proof was diminished by the court's instruction that the jury should acquit defendant of the crime of first degree robbery if they found that the People had not established "each" of the elements of that offense. However, the court's instruction to the jury must be viewed as a whole *(People v Woods,* 41 NY2d 279, 283). Here, the court first charged that the jury should convict defendant if they found that the prosecution had established each of the elements of first degree robbery beyond a reasonable doubt and, if the People had not established each element beyond a reasonable doubt, the jury should acquit. The jury could not have understood the remarks to shift the burden of proof in light of the entire charge on reasonable doubt *(People v Canty,* 60 NY2d 830, 831-832). The court's instruction is not similar to that given in *People v Randolph* (46 AD2d 683, 684) where the court implied that the jury could acquit only if there was doubt as to the defendant's guilt of " 'each and every' " element of the crime. Further, any error here must be considered harmless as the basis of the defense was not the failure to prove an element of the crime but the identity of the perpetrator *(People v Crimmins,* 36 NY2d 230, 237). Concur—Kupferman, J. P., Carro, Rosenberger, Ellerin and Rubin, JJ.