■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS HOLMES, Appellant.—Judgment, Supreme Court, New York County (Herbert Altman, J.), rendered January 20, 1989, convicting defendant after jury trial of two counts of robbery in the first degree and two counts of robbery in the second degree, and sentencing him as a persistent violent felony offender to four concurrent terms of imprisonment of twelve years to life, unanimously affirmed.

Defendant and a codefendant were jointly indicted in connection with the street robbery of money and jewelry from two individuals during the early morning hours of May 15, 1988.

Defendant's claims that the circumstantial evidence against him was insufficient to prove his guilt, and that the verdict

was against the weight of the evidence, are without merit. Evidence adduced at trial was that the two complainants were approached on a Manhattan street by three men, who robbed them of money and jewelry at gunpoint. The man holding the gun stood to the side of the complainants (who observed the gunman's profile), while the other two men stood behind the complainants, frisked them, and took their personal property. As the three robbers left the scene, one of the complainants protested, prompting the gunman to shoot one time at the complainant, who ducked to avoid the shot. Both complainants then watched as two policemen in a passing patrol car, alerted by the sound of the shot, approached the three fleeing robbers and inquired if they knew about a shooting. As the three men attempted to divert the officers' attention elsewhere, a homeless individual who had observed the occurrences from behind a parked car, jumped out, pointed to the three men and told the officers that those three men had "[done] the shooting." Thereafter, the three men, one of whom was defendant, ran off into a small enclosed park, pursued by the two officers. Once inside the otherwise deserted park, one of the men was successful in climbing over the back wall of the park. The other two men, one of whom was defendant, were arrested in the park. A loaded handgun containing one spent shell, together with the watch and jewelry of one of the complainants, was recovered from the jacket pocket of the man arrested along with defendant. Viewing this evidence in the light most favorable to the People, and giving them the benefit of every reasonable inference (People v Malizia, 62 NY2d 755, cert denied 469 US 932), the jury's determination of defendant's guilt beyond a reasonable doubt of the robbery counts, properly charged by the court in the context of circumstantial evidence standards, was amply supported by the evidence, given appropriate weight by the jury (People v Bleakley, 69 NY2d 490).

Likewise without merit is defendant's claim that the trial court erred in admitting police testimony that the officers had driven codefendant back to the scene of the shooting in a marked police car. Contrary to defendant's claim, such testimony, combined with evidence that the complainants had the opportunity to view the codefendant as he sat in the police car, did not constitute improper bolstering as there was absolutely no testimony regarding any identification of defendant, or anyone, arising out of that showup situation (see, People v Forbes, 161 AD2d 485, lv denied 76 NY2d 856).

Additionally, police testimony that a bystander had pointed

out defendant and two other men to the police on the scene, yelling "They did the shooting", was properly admitted, since it was accompanied by an appropriate and immediate instruction by the trial court, that such testimony was admitted not for its truth, but merely to indicate the state of mind of the officers in pursuing the three men through the streets (see, e.g., People v Jones, 118 AD2d 86, 94, affd 69 NY2d 853).

Finally, the summation of defense counsel vigorously argued incredibility of the People's witnesses, improper conduct of the police and prosecutor, and insufficiency of the People's evidence based upon legal instructions to be given by the court. In such circumstances, the prosecutor's summation comments on credibility, conduct of the relevant parties, and adequacy of proof, constituted appropriate response (see, People v Marks, 6 NY2d 67, cert denied 362 US 912). In this regard, it is noted that the trial court effected immediate clarification of the prosecutor's references to various elements of the crimes charged, and that both the prosecutor and the trial court emphasized to the jury that it was solely the court's function to instruct on the law. In all other respects, the prosecutor's summation constituted fair comment on the evidence, presented within the broad bounds of rhetorical comment permissible in closing argument (see, People v Galloway, 54 NY2d 396). Concur—Murphy, P. J., Carro, Rosenberger, Wallach and Ross, JJ.