■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK JENKINS, Appellant.—Judgment, Supreme Court, New York County (Alfred Kleiman, J.), rendered on February 17, 1989, convicting defendant, after a jury trial, of robbery in the third degree, and sentencing him to an indeterminate term of imprisonment of from 1 to 3 years, unanimously affirmed.

Defendant was convicted of snatching the complainant's pocketbook. The officer who had assisted in the defendant's capture and subsequent arrest testified that the complainant "identified the witness." The Court sustained defense counsel's objection to the use of the word "identify" but subsequently on its own inquiry, permitted the officer to testify that the complainant had identified defendant as the man who robbed her.

"Bolstering by a police officer alone rarely constitutes reversible error, except where there is a danger that the jury will take the police officer's testimony as a substitute for identification by the eyewitness or if undue prominence is given to the bolstering testimony". *(People v Middleton,* 159 AD2d 350, 351, *lv denied* 76 NY2d 792.)

Here, where defendant was apprehended moments after the commission of the crime, and was observed by a police officer in possession of the stolen handbag, this testimony could hardly be said to have prejudiced defendant. *(People v Forbes,* 161 AD2d 485, *lv denied* 76 NY2d 856.) Concur—Carro, J. P., Rosenberger, Kupferman and Ross, JJ.