■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMONT BARNER, Appellant. [613 NYS2d 17] —Judgment, Supreme Court, New York County (Ronald A. Zweibel, J.), rendered December 15, 1992, convicting defendant, after a jury trial, of attempted assault in the first degree, attempted robbery in the first degree, attempted robbery in the second degree and assault in the second degree, and sentencing him, as a second violent felony offender, to concurrent terms of 3½ to 7 years, 7½ to 15 years, 3½ to 7 years and 3½ to 7 years, respectively, unanimously affirmed.

Defendant was not unduly prejudiced by the testimony of police officers that bolstered complainant's pretrial identification testimony. The People's elicitation of testimony that defendant, after being arrested, had been brought back to the taxicab within close range of where complainant was standing did not in itself constitute improper bolstering *(People v Forbes,* 161 AD2d 485, 486, *lv denied* 76 NY2d 856). However, their subsequent remarks that complainant then identified defendant were, as the IAS Court noted, bolstering "error".

We find, however, that admission of the bolstering testimony was harmless error in light of the overwhelming evidence of defendant's guilt *(see, supra).* Complainant testified that he clearly observed defendant's face at close range when the latter first approached the cab and when he jumped into the back seat, and continued to watch as defendant fled from the cab toward a nearby building. Moreover, only minutes after the incident, complainant spontaneously pointed out defendant, who was walking from the area of the building to which complainant said he had fled, based on defendant's distinctive "haircut, [clothes], the earring and his face". Finally, there was no significant probability that an acquittal would have resulted had the bolstering testimony not been admitted; the officers' remarks went no further than to corroborate the uncontroverted fact that complainant had identified defendant at the scene.

We have considered defendant's remaining contentions and find them to be without merit. Concur—Murphy, P. J., Carro, Rubin and Williams, JJ.