The People of the State of New York, Respondent,
against
Amanda Coleman, Defendant-Appellant.




Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Steven M. Statsinger, J.), rendered December 15, 2017, after a jury trial, convicting her of resisting arrest and attempted assault in the third degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Steven M. Statsinger, J.), rendered December 15, 2017, affirmed.
The verdict convicting defendant of resisting arrest (see Penal Law § 205.30) and attempted assault in the third degree (see Penal Law §§ 110.00/120.00[1]) was supported by legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348—349 [2007]). There is no basis for disturbing the jury's credibility determinations. The credited testimony established that defendant, without provocation, punched complainant in the arm and, when police sought to arrest her, struck and kicked the officers, and spat at them.
The court's Sandoval ruling, permitting the People to inquire as to a portion of defendant's criminal record, balanced the appropriate factors and was a proper exercise of discretion (see People v Hayes, 97 NY2d 203 [2002]). The court properly permitted the People to elicit two prior convictions and some of their underlying facts, since both involved purposeful behavior showing defendant's willingness to put her own interests above those of society, and neither was unduly prejudicial. The mere fact that the convictions were similar in nature to the instant offense does not warrant their preclusion (see People v Pavao, 59 NY2d 282, 292 [1983]).
The court also properly exercised its discretion in admitting a statement by a security guard to the police that defendant had just been inside a shelter, where she threw a chair at a window and damaged items. The statement was admitted not to show the truth of its contents but to complete the narrative and to show the police officers' state of mind and explain their [*2]course of conduct in arresting defendant (see People v Holmes, 176 AD2d 495, 496-497 [1991], lv denied 79 NY2d 828 [1991]). Inasmuch as "'the [Confrontation] Clause ... does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted'" (People v Reynoso, 2 NY3d 820, 821 [2004], quoting Crawford v Washington, 541 US 36, 59 n 9 [2004]), the admission of the testimony did not violate defendant's constitutional right to confront the witnesses against her and was permissible.
Defendant was not entitled to a missing witness charge with respect to the security guard or for a witness who observed her assault the complainant. Neither witness was under the control of the People and neither would provide material, noncumulative testimony (see People v Gonzalez, 68 NY2d 424, 428—429 [1986]).
Nor did the court abuse its discretion when it refused to permit defendant to cross examine one of the officers about a civil lawsuit against him. Defendant failed to identify specific allegations in that lawsuit that are relevant to the credibility of the law enforcement witness (see People v Smith, 27 NY3d 652, 662 [2016]).
In any event, were we to find that any of the court's rulings challenged on appeal were erroneous, we would find the error to be harmless in view of the overwhelming evidence of defendant's guilt (see People v Crimmins, 36 NY2d 230, 243 [1975]).
All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: April 27, 2020