■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DALTON MACCALL, Also Known as CHARLES BROWN, Appellant. —Appeals by the defendant from (1) a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered April 15, 1982, convicting him of escape in the second degree under count four of indictment No. 3001/82, upon a jury verdict, and imposing sentence, and (2) a judgment of the same court (Kooper, J.), rendered May 10, 1982, convicting him of robbery in the first degree, criminal possession of stolen property in the third degree and criminal possession of a weapon in the third degree under counts one, two and three of indictment No. 3001/82, upon a jury verdict, and imposing sentence. The appeals bring up for review the denial of the defendant's motion to dismiss the indictment on the ground that he was not afforded an opportunity to appear before the Grand Jury.

Judgment rendered April 15, 1982, affirmed.

Judgment rendered May 10, 1982, modified, on the law, by vacating the sentence imposed on the defendant's conviction of criminal possession of a weapon in the third degree. As so modified, that judgment affirmed, and matter remitted to the Supreme Court, Kings County, for resentencing in conformance with Penal Law § 70.06.

The defendant failed to make a written motion within five days of his arraignment on the indictment to dismiss the indictment on the basis that he had been denied an opportunity to testify before the Grand Jury, and thus waived his right to challenge the indictment on that ground *(see,* CPL 190.50 [5] [c]; *People v Reddy,* 108 AD2d 945). In any event, the defendant never served the District Attorney with written notice of his desire to testify before the Grand Jury, and, therefore, his right to so testify did not accrue *(see,* CPL 190.50 [5] [a]; *People v Reynolds,* 35 AD2d 529). In addition, the record clearly establishes that the defendant was notified as to when the case would be presented to the Grand Jury, and he indicated that he did not wish to testify. Therefore, the defendant was not denied an opportunity to appear before the Grand Jury on his own behalf.

Pursuant to his conviction for criminal possession of a

weapon in the third degree, the defendant was sentenced, as a second felony offender, to 5 to 15 years' imprisonment. This sentence was improper, for the maximum sentence which may be imposed for that class D felony (Penal Law § 265.02) is 3½ to 7 years' imprisonment (Penal Law § 70.06). Thus, the defendant should be resentenced on his conviction on that count.

We have considered the defendant's remaining contentions and find them to be either without merit or unpreserved for our review. Mangano, J. P., Brown, Weinstein and Spatt, JJ., concur.