OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
The Supreme Court’s holding in Payton v New York (445 US 573) prohibits the police from crossing the threshold of a suspect’s home to effect a warrantless arrest in the absence of exigent circumstances. The evil to which the rule is addressed is the unsupervised invasion of a citizen’s privacy in his own home. Neither the letter nor the spirit of the Payton rule was violated here, where the police approached defendant’s home, saw defendant, whom they did not know, peeking through a window and directed him to come out. We note that although there were several police officers present and at least one had his gun drawn, there is no indication that defendant was in any way threatened or that he had even seen the officer’s gun *954 before he exited his home and was placed under arrest. Since it is undisputed that the officers had probable cause for his arrest, there is no basis for suppressing the statements he subsequently made at the station house.
Finally, regardless of whether there were exigent circumstances justifying the officer’s subsequent entry into defendant’s home to effect the arrest of his alleged accomplice Winzell Beckett (see, Steagald v United States, 451 US 204), it cannot be said that a reversal of defendant’s conviction is warranted. The only evidence that was found as a result of the entry was a gun. As defendant now acknowledges, even if error, the admission of this gun at his trial was harmless beyond a reasonable doubt.
We have considered the other points raised and find them to be without merit.
Chief Judge Wachtler and Judges Meyer, Simons, Alexander and Titone concur; Judges Kaye and Hancock, Jr., taking no part.
Order affirmed in a memorandum.