■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN CLINKSCALES, Appellant.—Judgment unanimously af-

firmed. Memorandum: Upon our review of the record we conclude that there has been no violation of defendant's constitutional right to effective assistance of counsel. "So long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met" *(People v Baldi,* 54 NY2d 137, 147). Trial counsel's failure to move pursuant to *Payton v New York* (445 US 573) to suppress any and all evidence acquired as a result of the police entering defendant's home to make a warrantless arrest does not warrant reversal. On this record, no *Payton* violation is apparent since there is no showing that the police made a nonconsensual entry into defendant's home to effect his arrest. Thus, there was no factual basis for any motion to suppress based upon a claimed *Payton* violation.

The court did not err in refusing to charge arson in the fourth degree (Penal Law § 150.05) as a lesser included offense of arson in the second degree. There is no reasonable view of the evidence which would support a finding that defendant "recklessly" started the fire. Rather, the record indicates that two separate and "uncommunicated" fires were set. There is also evidence that defendant pushed two burning chairs up against the front door of the house to block the occupants from exiting.

We have reviewed the other claims of error raised on appeal and find them to be without merit. (Appeal from judgment of Supreme Court, Erie County, Marshall, J.—arson, second degree.) Present—Dillon, P. J., Callahan, Green, Pine and Balio, JJ.