■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID W. BROWN, Appellant.—Judgment unanimously affirmed. Memorandum: We find no *Payton* violation *(see, Payton v New York,* 445 US 573), as suggested by defendant, since there has been no showing that the police made a nonconsensual entry into defendant's home to effect his arrest *(People v Clinkscales,* 134 AD2d 889, *lv denied* 70 NY2d 1005). The record discloses that the police officer approached defendant's

home, knocked on the door, and arrested defendant when he voluntarily opened the door. There is no indication that police used any force to enter the premises, that the officer in any way threatened defendant or that the officer ever displayed his weapon *(cf., People v Minley,* 68 NY2d 952). Since it is clear that the officer, based upon his prior investigation, had probable cause to arrest defendant, there is no basis for suppressing the statement defendant subsequently made after being advised of his constitutional rights. Defendant's constitutional rights were not violated by the People's withdrawal of their prior plea offer. A prosecutor has broad discretion whether to grant permission to enter a lesser plea *(see, People v Esajerre,* 35 NY2d 463, 466-467) and may, if he so chooses, withdraw a prior plea offer *(People v Pena,* 50 NY2d 400, 411, *cert denied* 449 US 1087). The other issues raised by defendant have either not been properly preserved for appellate review or are without merit. (Appeal from judgment of Monroe County Court, Wisner, J.—burglary, second degree.) Present— Dillon, P. J., Callahan, Boomer, Balio and Lawton, JJ.