■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER PROCTOR, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered June 2, 1986, convicting him of robbery in the first degree (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and his statement to the police.

Ordered that the judgment is affirmed.

The defendant's contention that a lineup identification and a statement he made to the police should have been suppressed as the purported fruits of an unlawful arrest is without merit. The hearing court's finding that the defendant was arrested after he exited from his apartment into a common hallway was not clearly erroneous and thus should be upheld *(see, People v Armstead,* 98 AD2d 726). Further, neither the letter nor the spirit of the rule enunciated in *Payton v New York* (445 US 573) was violated here, where the police directed the defendant, through his girlfriend, to leave his apartment *(see, People v Minley,* 68 NY2d 952).

The defendant's additional contention that the court should

have charged the affirmative defense to robbery in the first degree is unpreserved for appellate review *(see,* CPL 470.05 [2]). In any event, it was proper for the court not to issue such a charge because the defendant never met his burden of making a prima facie showing that the gun was inoperable or unloaded *(see, People v Cotarelo,* 71 NY2d 941).

We have reviewed the defendant's remaining contention and find it to be without merit. Thompson, J. P., Rubin, Sullivan and Rosenblatt, JJ., concur.