■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CANE RAFAJLOVSKI, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered June 12, 1986, convicting him of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that the videotaping procedure used before the Grand Jury was improper and prejudicial is without merit. CPL 190.32 (3) and (5) authorize the presentment to the Grand Jury of the videotaped testimony of a witness found to be physically ill or incapacitated *(see, People v Robinson,* 125 AD2d 612). It is undisputed that the witness could not come into the Grand Jury room because of her physical condition. She could not speak because she had bandages on her mouth, as a result of being shot in the jaw. Yet, the defendant asserts that the complainant's physical appearance was unduly prejudicial. However, as the trial court observed, the witness appeared tastefully dressed in her hospital gown, had no exposed wounds, and had only a bandage over her mouth, and did not express visible pain during the taping. Under the circumstances, the defendant's claim is unavailing.

We also reject the defendant's claim that the indictment must be dismissed because he was not permitted to testify before the Grand Jury. First, the defendant's motion, dated January 13, 1986, to dismiss the indictment was untimely *(see,* CPL 190.50 [5] [c]; *People v Moore,* 145 AD2d 510; *People v Hunter,* 131 AD2d 877; *People v MacCall,* 122 AD2d 79). In addition the defendant failed to preserve his right to testify before the Grand Jury because "[t]here is nothing in the record to indicate that the District Attorney was served with written notice [pursuant to CPL 190.50 (5) (a)] of the defen-

dant's intention to testify" *(People v Hunter, supra,* at 877-878; *see also, People v MacCall, supra,* at 79).

The claim that the verdict was repugnant is unpreserved for appellate review *(see, People v Stahl,* 53 NY2d 1048; *People v Figueroa,* 96 AD2d 515). In any event, it is without merit *(see, People v Tucker,* 55 NY2d 1; *People v Harris,* 128 AD2d 432).

The grounds offered to support the defendant's claim of ineffective assistance of counsel are either not properly before this court *(see, People v Whaley,* 144 AD2d 510) or without merit *(see, People v Baldi,* 54 NY2d 137).

The defendant's claim that his sentence was unduly harsh is without merit *(see, People v Suitte,* 90 AD2d 80). Mangano, J. P., Brown, Kunzeman and Kooper, JJ., concur.