■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID CROWLEY, Appellant.—Judgment, Supreme Court, New York County (Paul Bookson, J., at suppression hearing, jury trial and sentence), rendered March 3, 1987, which convicted defendant of robbery in the third degree, and sentenced him, as a predicate felon, to an indeterminate term of imprisonment of from 3½ to 7 years, unanimously affirmed.

The officers, after receiving a radio run indicating prowlers, had probable cause to arrest defendant when he was observed descending the stairs of a brownstone two doors away from the building where the perpetrator was seen entering. The defendant easily could have traversed the rooftops between the two buildings. Moreover, defendant matched the detailed

description of the perpetrator given by complainant and took flight when confronted by the single police officer. Even if probable cause had been wanting, it could be said that the officer had a reasonable suspicion that defendant had been engaged in criminal activity and, under *People v Hicks* (68 NY2d 234), the officer was well within his authority to handcuff and detain defendant in order to take him outside of the building, where complainant awaited, for identification. Under the circumstances, the application of handcuffs during such a nonarrest detention based upon reasonable suspicion would not have elevated the detention into a full-blown arrest. *(People v Allen,* 73 NY2d 378, 380.) Further, viewing the evidence in the light most favorable to the People, the defendant's guilt was proven beyond a reasonable doubt *(People v Contes,* 60 NY2d 620, 621). The trier of fact accorded credibility to complainant's identification of defendant *(People v Mosley,* 112 AD2d 812) and defendant was found in possession of the proceeds of the crime *(People v Johnson,* 65 NY2d 556, 562). Concur—Ross, J. P., Asch, Milonas, Ellerin and Wallach, JJ.