■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE MONTGOMERY, Appellant.—Judgment of the Supreme Court, New York County (Murray Mogel, J.), rendered May 12, 1988, convicting defendant, after a jury trial, of three counts of robbery in the first degree, one count of attempted robbery in the first degree, and two counts of robbery in the second degree and sentencing him, as a predicate violent felony offender, to concurrent and consecutive indeterminate prison terms totaling 22 to 44 years, unanimously affirmed.

From October 1986 to March 1987, defendant committed a series of knifepoint robberies in the elevators of midtown Manhattan office buildings, sometimes acting alone and sometimes aided by a single accomplice. The last six of the seven robberies that defendant was charged with occurred in a narrow strip one block wide, running up Fifth Avenue from 46th Street to 58th Street, and two of them occurred at 13 East 47th Street. One of the victims, who had studied art in college and graduate school, had been trained to draw subjects from memory and, in regard thereto, had undertaken exercises to strengthen her "visual perception" and "visual memory". On March 12, 1987 she met with a police sketch artist and created a sketch of the man who had robbed her.

On March 18, 1987, at about 12:30 P.M., two police officers assigned to the Anti-Crime Unit of the Midtown North Precinct were on "stakeout" at 13 East 47th Street, the site of two of the four robberies that defendant was convicted of, when they saw defendant and a male companion enter the building. Defendant "looked exactly like" the police sketch, and the officers stopped the defendant and recovered from his possession a distinctively long and thin folding knife with a white handle. Two of the victims identified the knife at trial as the one used by the robber, although defendant was acquitted of the attempted robbery of one of the victims.

Defendant contends that the trial court erred in denying without a hearing his *Mapp* motion, brought on the ground that the police sketch did not provide probable cause for his arrest. We find no error. Probable cause may be based on the match of a verbal description of a person. *(See, e.g., People v Crowley,* 156 AD2d 135; *United States v Valez,* 796 F2d 24, 26-27, *cert denied* 479 US 1067 [1987].) Moreover, a sketch can convey far more accurately than words the description, for identification purposes, of a particular person. Here, one of the arresting officers testified that defendant "looked exactly like" the man portrayed in the sketch, and the court itself found the sketch remarkably accurate.

In these circumstances, probable cause was apparent, and there was no necessity for the trial court to conduct a hearing. Concur—Sullivan, J. P., Ross, Ellerin, Wallach and Smith, JJ.