■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERAH MARZAN, Appellant.—Judgment of the Supreme Court, New York County (Edwin Torres, J., at hearing, trial and sentence), rendered April 28, 1987, after a jury trial, convicting defendant of assault in the first degree and sentencing him to an indeterminate prison term of from 4 to 12 years, is unanimously affirmed.

Defendant violently attacked the complainant with a baseball bat. The complainant suffered serious injuries which included the loss of an eye. Two weeks following the filing of the complaint, detectives knocked on the defendant's door, asked him to come outside into the apartment building's hallway, and arrested him. The detectives did not have an arrest warrant. En route to Central Booking, and before *Miranda* warnings were given, the defendant spontaneously made a statement that was used at trial.

Defendant contends that this arrest, without warrant, was improper, and therefore the subsequent statement should have been inadmissible under the exclusionary rule of *Payton v New York* (445 US 573). However, we find the defendant's argument meritless, the arrest proper, and that the statement was properly admitted into evidence at trial.

A *Payton* violation did not occur because the defendant was arrested in the apartment building's hallway and not in his apartment. Moreover, the Supreme Court has recently held in *Harris v New York* (495 US —, —, 109 L Ed 2d 13, 22) that "where the police have probable cause to arrest a suspect, the exclusionary rule does not bar the State's use of a statement made by the defendant outside of his home, even though the statement is taken after an arrest made in the home in violation of *Payton*". Concur—Sullivan, J. P., Rosenberger, Asch and Rubin, JJ.