■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE CARMEN, III, Appellant.—Judgment unanimously affirmed. Memorandum: The hearing testimony fully supports the suppression court's finding that defendant consented to the warrantless entry of his apartment by the police. Thus, there was no *Payton* violation *(see, Payton v New York,* 445 US 573), and the court properly refused to suppress physical evidence found subsequent to that entry *(see, People v Mc-Crary,* 152 AD2d 710; *People v Brown,* 144 AD2d 975, *lv denied* 73 NY2d 889). The court also did not err in rejecting defendant's motion to suppress the contents of a zippered black pouch that was opened by police incidental to defendant's arrest. Defendant previously had identified himself by another name, and when the police asked if defendant had identification, defendant said it was in the pouch and motioned toward the top of his bedroom dresser. At the time, although defendant was handcuffed, he was standing some five feet from the dresser, and the police had already found two shotguns and chuka sticks in plain view in the bedroom. The police secured the pouch for the purpose of confirming defen-

dant's identification, and examination of the contents of the pouch for safety reasons was not, under the circumstances, unreasonable *(see, People v Smith,* 59 NY2d 454, 458). Defendant's remaining contentions are without merit. (Appeal from judgment of Supreme Court, Monroe County, Doyle, J.—criminal possession of controlled substance, fourth degree.) Present —Callahan, J. P., Doerr, Boomer, Green and Balio, JJ.