■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STACY LEWIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered September 23, 1987, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The

appeal brings up for review the denial, after a hearing (Hellenbrand, J.), of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, his confession was properly ruled admissible as there was no illegality in the procedures employed by police to effectuate his arrest. The police clearly had probable cause to arrest based upon the identification provided by the complainant who knew the defendant from prior business dealings and who identified the defendant's photograph, thus confirming his identification *(see, People v Mitchell,* 170 AD2d 542). Indeed, it is well settled that information provided by an identified citizen accusing another identified individual of committing a specified crime provides the police with probable cause to arrest *(see, People v Banks,* 151 AD2d 491; *see also, People v Williams,* 159 AD2d 743; *People v Brown,* 146 AD2d 793).

Thereafter, possessing the requisite probable cause, the police acted upon information that the defendant could be found inside a specific hotel room *(see, People v Crews,* 162 AD2d 462). Upon knocking on this hotel room door, the defendant exited his room and stepped out into the hall. There, he had no reasonable expectation of privacy and hence, a valid warrantless arrest was effectuated *(see, People v Minley,* 68 NY2d 952; *People v Marzan,* 161 AD2d 416; *People v Proctor,* 151 AD2d 788; *People v Anderson,* 146 AD2d 638; *People v Brown,* 144 AD2d 975). The resulting confession was thus not the product of an illegal arrest.

Nor was the defendant's confession subject to suppression as having been involuntarily obtained. The record demonstrates that after his arrest, the defendant was twice advised of his constitutional rights, which he waived. He voluntarily spoke with detectives and an Assistant District Attorney during periods of interrogation conducted during a span of approximately 10 hours. At no time did he request the assistance of counsel, nor did he request that the questioning cease. Accordingly, the court correctly determined that the videotaped confession was properly admissible *(see, People v Stackhouse,* 160 AD2d 822; *People v Ates,* 157 AD2d 786).

We have reviewed the defendant's remaining contentions and find them to be without merit. Sullivan, J. P., Eiber, Miller and Ritter, JJ., concur.