■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERTO MALDONADO, Appellant.—Judgment of the Supreme Court, Bronx County (Gerald Sheindlin, J.), rendered August 14, 1989, convicting defendant after a jury trial of criminal possession of a weapon in the third degree, and sentencing him as a second felony offender to an indeterminate term of 3-½ to 7 years, unanimously affirmed.

Police received information from an identified citizen, who had been the victim of a shooting, that a person matching defendant's description was the perpetrator. A few days later, as investigating plainclothes officers passed defendant on a street corner, they observed that defendant matched the description. Shortly thereafter, these same officers received a radio transmission indicating that a person matching defendant's description was wanted in connection with a shooting. When the police stopped, defendant turned and fled. An officer pursued, and during a subsequent struggle, defendant reached for his waistband. A loaded .45 caliber gun was recovered from defendant's waistband.

Viewing the evidence in a light most favorable to the People *(People v Allah,* 71 NY2d 830), defendant's guilt was proved beyond a reasonable doubt, and the verdict was not against the weight of the evidence. *(People v Bleakley,* 69 NY2d 490.)

Several contentions raised by defendant, *pro se,* on appeal bear only on credibility. We find no basis to disturb the jury's findings.

Defendant never moved to dismiss the indictment within five days of arraignment on the basis that he was deprived of his right to testify before the Grand Jury (CPL 190.50 [5] [c]). Nor did defendant raise any such claim before the trial court. His present claim is therefore unpreserved for appellate review as a matter of law, and we decline to reach it in the interest of justice. If we were to reach the issue, we would affirm. *(See, People v Rafajlovski,* 152 AD2d 608.)

Investigating police acted on information provided by an identified citizen, which is presumptively reliable *(People v Peterkin,* 151 AD2d 407, *affd* 75 NY2d 985) as well as information received by radio transmission, which specified a perpe-

trator matching defendant's description *(People v Crowley,* 156 AD2d 135, *lv denied* 75 NY2d 918). Either basis for the stop could have led police officers to reasonably suspect that defendant was the perpetrator of the unrelated shooting. Finally, this information coupled with defendant's flight, enhanced the reasonableness of police suspicion *(see, People v Allen,* 141 AD2d 405, *affd* 73 NY2d 378).

Defendant never requested a missing witness charge at trial, waiving any such claim for review *(People v Gonzalez,* 68 NY2d 424, 428). Nor is defendant persuasive on appeal that the purported missing witness, a police officer, would have offered any evidence which either was material, or would not have been cumulative *(see, People v Erts,* 73 NY2d 872).

Sentencing rests in the sound discretion of the trial court *(People v Junco,* 43 AD2d 266, 268, *affd* 35 NY2d 419, *cert denied* 421 US 951). We find no abuse of discretion here.

We have examined defendant's remaining contentions, and find them to be without merit. Concur—Sullivan, J. P., Wallach, Kupferman, Ross and Asch, JJ.