■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAJENDRA PALTOO, Appellant.—Judgment, Supreme Court, New York County (Richard Failla, J.), rendered January 14, 1991, convicting defendant, upon a plea of guilty, of murder in the second degree, and sentencing him to a term of 18 years to life, unanimously affirmed.

The trial court properly denied the motion to suppress defendant's confessions. When the defendant questioned the need to identify his accomplices during the videotaped confession, he was merely questioning the scope of the interrogation, not asking for the interrogation to end. Moreover, the Assistant District Attorney's response to defendant's question was not an attempt to tell defendant he could not invoke his right to terminate the questioning. The defendant, who had been forthcoming with the police detectives, was being encouraged by the Assistant District Attorney to identify the accomplices. Defendant did so willingly; he was not pressed to answer *(see, People v Van Horn,* 76 AD2d 378, 391).

The ruse used by the police detectives to have defendant and his brother accompany them to the precinct was not improper. The detectives never entered defendant's apartment, but rather from the hallway, calmly asked defendant's brother, who in turn asked defendant, to come and talk about a domestic dispute involving the brother's wife and child. This deception was not so unfair as to constitute a denial of due process *(see, People v Entzminger,* 163 AD2d 138, 141, *lv denied* 76 NY2d 939). Concur—Sullivan, J. P., Milonas, Rosenberger, Ross and Asch, JJ.