■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM MAJOR, Appellant. [602 NYS2d 576] —Appeal from judgment insofar as it imposes sentence unanimously dismissed as moot and judgment otherwise affirmed. Memorandum: Defendant has failed to preserve for our review his contentions that his statements to the police were not voluntarily made and that the police lacked probable cause to make the warrantless arrest of defendant in his mother's apartment *(see,* CPL 470.05 [2]). Defendant failed to raise those issues before the suppression court and they may not be raised for the first time on appeal *(see, People v Hall,* 61 NY2d 834, 835; *People v Adams,* 163 AD2d 881, 882, *lv denied* 77 NY2d 875; *People v Ruggles,* 159 AD2d 969, *lv denied* 76 NY2d 864, *rearg denied* 76 NY2d 990). The sole issue raised before the suppression court was whether defendant's statements to the police should be suppressed as the product of a warrantless arrest in his mother's apartment in violation of *Payton v New York* (445 US 573). The suppression court's finding that defendant's

mother voluntarily consented to the police entry into her apartment is supported by the record (see, People v Rosato, 193 AD2d 1052). Thus, the suppression court properly concluded that no Payton violation occurred, and therefore, it was not error to deny defendant's motion to suppress his statements.

Defendant's contention that the sentence was excessive is moot in view of the fact that the original sentence has been vacated and defendant is scheduled to be resentenced. (Appeal from Judgment of Allegany County Court, Sprague, J.—Aggravated Unlicensed Operation Motor Vehicle, 1st Degree.) Present—Pine, J. P., Fallon, Boomer, Davis and Boehm, JJ.