■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRY COPPIN, Appellant. [608 NYS2d 661] —Judgment, Supreme Court, New York County (Allen Alpert, J.), rendered October 17, 1991, convicting defendant, after a guilty plea, of two counts of assault in the second degree, and sentencing him as a second felony offender to consecutive terms of 3 to 6 years, unanimously affirmed.

Defendant was arrested in the hallway outside his apart-

ment, after a female police officer, as a ruse, knocked on his door and suggested that she might want to go out with him. A few minutes later, defendant opened the door, and walked outside, where he was apprehended. Through the open door, police observed a hysterical woman, who claimed that she had been kidnapped by defendant and that he had intended to kill her.

Defendant had no legitimate expectation of privacy in this hallway *(People v Marzan,* 161 AD2d 416, *lv denied* 76 NY2d 860; *People v Lopez,* 134 AD2d 456, *lv denied* 70 NY2d 1008). That the police employed a ruse to lure defendant into the hallway has no bearing on the voluntary nature of his exit *(People v Roe,* 136 AD2d 140, 143, *affd* 73 NY2d 1004; *People v Rosario,* 186 AD2d 598, 598-599, *lv denied* 81 NY2d 794). Further, there existed exigent circumstances sufficient to justify the subsequent entry into the apartment.

We find no basis to disturb the hearing court's determination that defendant had refused to speak after receiving his *Miranda* warnings. Rather, defendant was disinclined to speak with a particular detective present; when that detective left the room, defendant then evinced a willingness to make a statement, without further questioning having occurred in the interim. Accordingly, there was no *Miranda* violation. We have considered defendant's remaining contentions and find them to be without merit. Concur—Rosenberger, J. P., Asch, Rubin, Williams and Tom, JJ.