WHITE WOOD TIMBER CONTRACTOR, Third-Party Defendant-Respondent. (Appeal No. 2.) [628 NYS2d 1023] —Judgment unanimously reversed on the law without costs and new trial granted. Same Memorandum as in *White v Timberjack, Inc.* (209 AD2d 968 [decided herewith]). (Appeal from Judgment of Supreme Court, Cattaraugus County, Francis, J.—Contribution.) Present—Balio, J. P., Lawton, Wesley, Doerr and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTIN GRAVES, Appellant. (Appeal No. 1.) [619 NYS2d 1018] — Judgment unanimously affirmed. Memorandum: Defendant contends that his statements to the police and the lineup identification should be suppressed as the fruits of an unlawful arrest in violation of the rule enunciated in *Payton v New York* (445 US 573). Because that contention was not raised before the suppression court, it is not preserved for review *(see, People v Smith,* 55 NY2d 888, 890; *People v Martin,* 50 NY2d 1029, 1030-1031; *People v Major,* 195 AD2d 1051). (Appeal from Judgment of Monroe County Court, Egan, J.— Criminal Possession Weapon, 2nd Degree.) Present—Pine, J. P., Balio, Callahan, Davis and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTIN GRAVES, Appellant. (Appeal No. 2.) [619 NYS2d 1018] —Judgment unanimously affirmed. Same Memorandum as in *People v Graves* (209 AD2d 970 [decided herewith]). (Appeal from Judgment of Monroe County Court, Egan, J.—Criminal Possession Weapon, 2nd Degree.) Present—Pine, J. P., Balio, Callahan, Davis and Boehm, JJ.

■ In the Matter of WILLIAM PALIN, Appellant, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, Respondent. (Appeal No. 1.) [622 NYS2d 164] —Judgment unanimously affirmed. Memorandum: After a superintendent's hearing, petitioner was found guilty of violating prison disciplinary rules prohibiting rioting and possession of a weapon, based upon his activities in an inmate uprising at Southport Correctional Facility on May 28, 1991. Following administrative review of the determination, petitioner brought this proceeding contending that the determination should be annulled because of the ineffective assistance of his employee assistant, who failed to obtain photographs of the uprising taken by the New York State Police.