■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE GREEN, Appellant. [624 NYS2d 838] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered May 5, 1992, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court properly found that the defendant's written and videotaped statements were not suppressible as the fruits of an illegal arrest *(see, Payton v New York,* 445 US 573). The evidence adduced at the suppression hearing supports the hearing court's conclusion that the warrantless entry into the apartment of the defendant's mother, which law enforcement officials had ascertained to be the defendant's last residence of record, was effected with the consent of the defendant's mother *(see, People v Levine,* 174 AD2d 757; *see also, People v Major,* 195 AD2d 1051; *People v Rosato,* 193 AD2d 1052; *People v Davis,* 120 AD2d 606, 607). In any event, even if we were to conclude that the defendant's arrest violated *Payton v New York (supra),* the statements in question would still have been admissible at the defendant's trial because they were sufficiently attenuated from the arrest to have been purged of any taint *(see, People v Conyers,* 68 NY2d 982; *People v Rogers,* 52 NY2d 527, *cert denied* 454 US 898; *see, e.g., People v Green,* 182 AD2d 704; *People v Jones,* 151 AD2d 695; *People v Davis, supra).*

The record supports the hearing court's finding that the defendant's statements were voluntarily made after the defendant had knowingly and intelligently waived his *Miranda* rights *(see, Miranda v Arizona,* 384 US 436; *see, People v Levine, supra,* at 759; *People v Quinones,* 155 AD2d 244).

The defendant's remaining contentions, including those contained in his supplemental *pro se* brief, are either unpreserved for appellate review *(see,* CPL 470.05 [2]) or without merit. Ritter, J. P., Pizzuto, Friedmann and Goldstein, JJ., concur.