■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAYMON DOLLISON, Appellant. [634 NYS2d 194] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Posner, J.), rendered August 20, 1993, convicting him of robbery in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony and certain statements made by the defendant to law enforcement authorities.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court properly found that the defendant's statement and lineup identification were not suppressible as the fruits of an illegal arrest *(see, Payton v New York,* 445 US 573). The evidence presented to the hearing court clearly demonstrated that the police had probable cause to arrest the defendant *(see,* CPL 140.10 [1] [b]). Under the *Aguilar-Spinelli* rule *(see, Aguilar v Texas,* 378 US 108; *Spinelli v United States,* 393 US 410), where probable cause is predicated in whole or part upon the hearsay statement of an informant, it must be demonstrated that the information is reliable and the informant had a sufficient basis for his or her knowledge *(see, People v Bigelow,* 66 NY2d 417; *People v Johnson,* 66 NY2d 398). A citizen's reliability is assumed because of the potential penalty which may be imposed if the information provided to the police is fabricated *(see, People v McCain,* 134 AD2d 623; *People v Phillips,* 120 AD2d 621). In this case, the arresting officers were provided with detailed factual information which would lead a reasonable person possessing the officers' expertise to determine that the

defendant was the perpetrator of the crimes being investigated *(see, People v DiFalco,* 80 NY2d 693, 698; *People v Rodriguez,* 52 NY2d 483, 489).

Further, the evidence adduced at the suppression hearing supports the hearing court's conclusion that the warrantless entry into the apartment of the defendant's mother was effected with the consent of the defendant's mother *(see, People v Minley,* 68 NY2d 952; *People v Green,* 212 AD2d 630; *People v Daly,* 180 AD2d 872, 874; *People v Levine,* 174 AD2d 757). Moreover, since the defendant's arrest was effected outside of his apartment, no *Payton* issue is presented *(see, United States v Santana,* 427 US 38; *United States v Watson,* 423 US 411; *People v Anderson,* 146 AD2d 638).

The defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Sullivan, Miller and Florio, JJ., concur.