■ NICHOLAS MAUCERI et al., Appellants, v COUNTY OF SUFFOLK et al., Respondents, et al., Defendant. [650 NYS2d 788] —In an action pursuant to 42 USC § 1983 to recover damages, *inter alia,* for violation of the plaintiffs' Fourth Amendment rights, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated August 2, 1995, as granted the respondents' motion for summary judgment dismissing the cause of action for violation of the plaintiffs' Fourth Amendment rights insofar as it was asserted against the respondents. The appeal brings up for review so much of an order of the same court, dated December 19, 1995, as, upon reargument, adhered to the original determination. Justice Pizzuto has been substituted for the late Justice Hart *(see,* 22 NYCRR 670.1 [c]).

Ordered that the appeal from the order dated August 2, 1995, is dismissed, as that order was superseded by the order dated December 19, 1995, made upon reargument; and it is further,

Ordered that the order dated December 19, 1995, is affirmed insofar as reviewed; and it is further,

Ordered that the respondents are awarded one bill of costs.

On July 12, 1988, at approximately 6:30 A.M., Detective John Grauer arrested the plaintiff Nicholas Mauceri in the doorway of a two-story house where Mauceri rented a second-floor apartment. Mauceri was arrested without a warrant and absent exigent circumstances when he opened the front door to answer the doorbell. Mauceri, his wife, and his daughter brought this action pursuant to 42 USC § 1983 to recover damages, *inter alia,* for violation of their Fourth Amendment rights.

It is well established that a warrantless arrest within the confines of a person's home, absent exigent circumstances, is unconstitutional *(see, Payton v New York,* 445 US 573; *Duncan v Storie,* 869 F2d 1100, 1102, *cert denied* 493 US 852; *United States v Holland,* 755 F2d 253, 255-256, *cert denied* 471 US 1125; *People v Proctor,* 151 AD2d 788). However, courts have recognized the distinction between homes and common areas

such as halls and lobbies of multi-tenant buildings which are not within an individual tenant's zone of privacy *(United States v Holland, supra,* at 255).

In the instant case, the Supreme Court properly found that the warrantless arrest of Mauceri did not violate the Fourth Amendment because the arrest took place at the door to a common area and therefore was not part of his "home" for purposes of the Fourth Amendment *(see, People v Jacobo,* 208 AD2d 432; *People v Lewis,* 172 AD2d 775; *People v Marzan,* 161 AD2d 416; *People v Proctor,* 151 AD2d 788, *supra).* Accordingly, since Mauceri had no reasonable expectation of privacy while standing in a common area, a valid warrantless arrest was effectuated *(see, People v Jacobo, supra; People v Lewis, supra; People v Marzan, supra; People v Proctor, supra).* Bracken, J. P., Copertino, Pizzuto and Altman, JJ., concur.