■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS MARCOS, Appellant. [670 NYS2d 110] —Judgment, Su-

preme Court, New York County (Edward McLaughlin, J.), rendered June 9, 1995, convicting defendant, after a jury trial, of five counts of grand larceny in the fourth degree, and sentencing him, as a second felony offender, to concurrent terms of 2 to 4 years, unanimously affirmed.

The court properly declined to expand the suppression hearing to include a claim pursuant to *Payton v New York* (445 US 573), since defendant's motion papers, containing merely an ambiguous reference to his warrantless arrest "at" his home, did not set forth a *Payton* violation (*People v Roe*, 73 NY2d 1004; *People v Minley*, 68 NY2d 952).

Defendant's claim that he was denied his right to be present at a material stage of the trial is unreviewable due to lack of an adequate record (*see, People v Walker*, 202 AD2d 312, *lv denied* 83 NY2d 972). Although the record indicates that the court conducted a few minutes of voir dire in defendant's absence, it further reveals that defendant entered the courtroom as the unrecorded voir dire by counsel continued. Defendant has thus not provided a record upon which we may determine whether the voir dire conducted upon his arrival suitably replicated that which was conducted in his absence (*see, People v Roman*, 88 NY2d 18, 27).

Defendant's claims of prosecutorial misconduct do not warrant reversal. The cross-examination of defense witnesses concerning the truthfulness of prosecution witnesses was permissible given the nature of the defense testimony (*see, People v Overlee*, 236 AD2d 133). We find any error in the prosecutor's summation regarding the police notes to be harmless, since there is little chance that it had any effect on the jury's decision, given the overwhelming evidence of guilt (*see, People v Perez*, 176 AD2d 165, 166, *lv denied* 79 NY2d 862). Concur—Rosenberger, J. P., Rubin, Williams, Tom and Saxe, JJ.