■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ASTACIO MORALES, Appellant. [672 NYS2d 782] —Appeal by the defendant from a judgment of the County Court, Westchester County (Angiolillo, J.), rendered October 7, 1994, convicting him of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree (two counts), and menacing in the second degree, upon a jury verdict, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS MORALES, Appellant. [671 NYS2d 1009] —Appeals by the defendant from two judgments of the Supreme Court, Queens County (Cooperman, J.), both rendered May 17, 1995, convicting him of burglary in the first degree and robbery in the first degree (two counts), under Indictment No. 1945/93 upon a jury verdict, and of attempted murder in the second degree (four counts), criminal possession of a weapon in the second degree, and tampering with a witness in the third degree (two counts), under Indictment No. 3645/94, upon a jury verdict, and impos-

ing sentences. The appeals bring up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and identification testimony.

Ordered that the judgments are affirmed.

The defendant's contention that the indictment must be dismissed because he was not permitted to testify before the Grand Jury is without merit. The motion to dismiss the indictment was untimely and, therefore, the defendant waived his right to challenge the indictment on this ground (*see,* CPL 190.50 [5] [c]; *People v Anderson,* 192 AD2d 714; *People v Maldonado,* 176 AD2d 586; *People v Hamilton,* 165 AD2d 908; *People v Rafajlovski,* 152 AD2d 608; *People v Moore,* 145 AD2d 510; *People v Hunter,* 131 AD2d 877, 878; *People v MacCall,* 122 AD2d 79).

The defendant's contentions that his arrest in the hallway outside his apartment was unlawful, and that testimony concerning a subsequent lineup identification of him should have been suppressed as the fruit of an unlawful arrest, are unpreserved for appellate review. The defendant did not argue at the suppression hearing that he had an expectation of privacy in the hallway of the apartment building (*see,* CPL 470.05 [2]; *see, e.g., People v Vasquez,* 66 NY2d 968, 969, *cert denied* 475 US 1109; *People v Tutt,* 38 NY2d 1011, 1012-1013; *People v Cea,* 237 AD2d 617, 618; *People v Alexander,* 226 AD2d 548, 549). In any event, the defendant's arrest in the hallway of his apartment building did not violate *Payton v New York* (445 US 573) since the defendant had no legitimate expectation of privacy there (*see, People v Minley,* 68 NY2d 952, 953-954; *People v Powell,* 54 NY2d 524, 531; *People v Coppin,* 202 AD2d 279, 289; *People v Lewis,* 172 AD2d 775; *People v Crutch,* 161 AD2d 401; *People v Marzan,* 161 AD2d 416; *People v Proctor,* 151 AD2d 788; *People v Anderson,* 146 AD2d 638, 639-640; *People v Brown,* 144 AD2d 975, 976). The record supports the hearing court's determination that the defendant voluntarily exited his apartment and was not threatened or coerced to leave the apartment.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Sullivan, J. P., Pizzuto, Altman and Friedmann, JJ., concur.