■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCUS TORRES, Appellant. [710 NYS2d 355] —Judgment, Supreme Court, New York County (Michael Obus, J.), rendered September 8, 1997, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree, and sentencing him to a term of 5 years probation, unanimously affirmed.

Defendant's suppression motion was properly denied. A police officer, posing as defendant's friend and co-worker, telephoned defendant's girlfriend and told her that defendant had been arrested and that defendant wanted her to bring his pistol to the purported friend, citing safety concerns. The record establishes that no express or implied threats of any kind were made. The girlfriend located the pistol in the apartment she shared with defendant and turned it over to the purported friend at a prearranged meeting place. We find that the police action was not a search of defendant's apartment, but was instead analogous to an undercover operation, which does not implicate Fourth Amendment rights (Hoffa v United States, 385 US 293; Lewis v United States, 385 US 206). We would also conclude that deceiving a person into bringing contraband to a place where it can be lawfully seized without a warrant is analogous to luring a person to a place where he can be arrested without a warrant, and such a ruse is permissible when it is not so fundamentally unfair as to undermine voluntariness (see, People v Coppin, 202 AD2d 279, 280, lv denied 83 NY2d 966; People v Paltoo, 186 AD2d 452, lv denied 81 NY2d 765; People v Roe, 136 AD2d 140, affd 73 NY2d 1004). Even if the police actions were to be viewed as a search of the apartment, it would be a valid search on consent of one of the oc-

cupants notwithstanding the use of a ruse (*see, People v Watson*, 259 AD2d 380, *lv denied* 93 NY2d 1029; *People v Roberson*, 249 AD2d 148, *lv denied* 92 NY2d 904; *People v Entzminger*, 163 AD2d 138, *lv denied* 76 NY2d 939). Concur—Williams, J. P., Tom, Ellerin, Andrias and Saxe, JJ.