■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COREY ARTHUR, Appellant. [738 NYS2d 15] —Judgment, Supreme Court, New York County (Marcy Kahn, J.), rendered December 10, 1998, convicting defendant, after a jury trial, of murder in the second degree and two counts of robbery in the first degree, and sentencing him to an aggregate term of 25 years to life, unanimously affirmed.

Defendant's suppression motion was properly denied. Defendant did not establish standing to assert a violation of *Payton v New York* (445 US 573) and the court properly exercised its discretion in denying defendant's request to reopen the hearing in an attempt to do so. In any event, there was no *Payton* violation when the police, without making any threats, directed defendant to come out of an apartment and arrested him in the doorway (*see, People v Minley,* 68 NY2d 952).

There is no basis for suppression of a spontaneous incriminating statement made by defendant in the presence of a crowd of news media reporters and photographers as he was being moved from one police station to another. The police did not arrange for the presence, on a public street, of the journalists, who were present on their own accord because of the notoriety of the case, and there was no police conduct that could be viewed as the functional equivalent of interrogation (*see, Rhode Island v Innis,* 446 US 291, 300-301; *compare, People v Ferro,* 63 NY2d 316).

The court properly exercised its discretion in limiting the cross-examination of the police officers as to whether they

searched the codefendant's car and home, or applied for warrants to do so. Such searches, had they been conducted, would not have resulted in any exculpatory evidence since even if the police had recovered the murder weapon in the codefendant's possession after the shooting, this would not been inconsistent with defendant's guilt. Moreover, the proffered cross-examination would have invited speculation as to whether the search would have produced something productive, and would also have delved into the legal requirements for the issuance of search warrants and the officers' knowledge thereof, which had the potential to confuse or mislead the jury (*see, People v Martinez*, 214 AD2d 429, *lv denied* 86 NY2d 738). Concur—Tom, J.P., Sullivan, Rosenberger, Wallach and Buckley, JJ.