■ The People of the State of New York, Respondent, v Sudeep Bhattacharjee, Appellant. [857 NYS2d 499]—Appeal by the defendant from a judgment of the County Court, Dutchess County (Dolan, J.), rendered October 26, 2004, convicting him of use of a child in a sexual performance and criminal sexual act in the second degree (15 counts), upon a jury verdict, and imposing sentences of 2 to 6 years' imprisonment for the convictions of criminal sexual act in the second degree under counts two, seven, and eight of the indictment, to run consecutively to each other, and 2 to 6 years' imprisonment for the convictions under the remaining 13 counts, to run concurrently with the sentences imposed on counts two, seven, and eight. The appeal brings up for review the denial, after a hearing (Dolan, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.

Ordered that the judgment is modified, on the facts and as a matter of discretion in the interest of justice, by providing that the sentences imposed on counts two, seven, and eight of the indictment shall run concurrently with each other and with the sentences imposed under the remaining 13 counts of the indictment; as so modified, the judgment is affirmed.

The hearing court properly denied those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials. Contrary to the defendant's contention, the rule of *Payton v New York* (445 US 573 [1980]) is not implicated here, as the evidence established that the defendant's arrest was not effected in his home (*see People v Kim*, 2 AD3d 878 [2003]; *People v Dollison*, 221 AD2d 654, 655 [1995]). In any event, there was sufficient evidence in the record to support the hearing court's conclusion that the defendant consented to the police entry into his home (*see People v Kalaj*, 247 AD2d 633 [1998]; *People v Thomas*, 223 AD2d 612 [1996]). Furthermore, credibility determinations of a hearing court are accorded great deference on appeal, and will not be disturbed unless clearly unsupported by the record (*see People v Britton*, 49 AD3d 893 [2008]; *People v Francis*, 44 AD3d 788, 789 [2007]). There is no basis to disturb those findings here (*see People v Knudsen*, 34 AD3d 496, 497 [2006]).

The defendant's contention that the evidence was legally insufficient to establish his guilt of use of a child in a sexual performance beyond a reasonable doubt is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, viewing the

evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it is legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

Contrary to the defendant's contention, he did not establish, by a preponderance of the evidence, the affirmative defense that he had a good faith reasonable belief that the person appearing in the performance was 17 years of age or older (*see* Penal Law § 263.20 [1]; *People v Manngard*, 275 AD2d 378 [2000]). Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The sentence imposed was excessive to the extent indicated. Spolzino, J.P., Florio, Angiolillo and Dickerson, JJ., concur.