■ The People of the State of New York, Respondent, v Allan Cameron, Appellant. [905 NYS2d 619]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered November 8, 2007, convicting him of murder in the first degree, upon a jury verdict,

and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement authorities.

Ordered that the judgment is affirmed.

The defendant's contentions that his arrest in the hallway outside of an apartment violated his rights under *Payton v New York* (445 US 573 [1980]), and, therefore, that his statements to the police should have been suppressed as the fruit of an unlawful arrest, were properly rejected by the hearing court. There was no violation of *Payton v New York* (445 US 573 [1980]) when the police, without making any threats, directed the defendant to come out of the apartment and arrested him in the hallway (*see People v Minley*, 68 NY2d 952, 953 [1986]; *People v Arthur*, 290 AD2d 387, 387 [2002]; *People v Morales*, 250 AD2d 782, 783 [1998]).

The defendant's contention that his statement to a police detective after invoking his right to counsel should have been suppressed also is without merit. Although the defendant had invoked his right to counsel, the record supports the Supreme Court's finding that the defendant's statement was spontaneous and not the result of any improper police conduct or questioning (*see People v Gonzales*, 75 NY2d 938, 939-940 [1990], *cert denied* 498 US 833 [1990]; *People v Harris*, 57 NY2d 335, 342-343 [1982], *cert denied* 460 US 1047 [1983]; *People v Nuesi*, 266 AD2d 317, 318 [1999]).

Contrary to the defendant's contention, the Supreme Court properly denied, without conducting a *Dunaway* hearing (*see Dunaway v New York*, 442 US 200 [1979]), that branch of his omnibus motion which was to suppress his statements to the police, since his factual allegations were insufficient to support his claim that the police lacked probable cause to arrest him (*see* CPL 710.60 [1]; *People v Mendoza*, 82 NY2d 415, 426 [1993]; *People v Wright*, 54 AD3d 695, 696 [2008]; *People v Montero*, 44 AD3d 796 [2007]).

The Supreme Court also properly precluded the defendant from presenting evidence and arguing before the jury that an unidentified third party committed the shooting at issue, since such evidence or argument was purely speculative in nature (*see People v Primo*, 96 NY2d 351, 356 [2001]; *People v Williams*, 64 AD3d 734, 735 [2009]; *People v Johnson*, 49 AD3d 664, 665 [2008]).

The defendant was not deprived of the effective assistance of counsel (*see People v Caban*, 5 NY3d 143, 152 [2005]; *People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d

137, 147 [1981]). Skelos, J.P., Angiolillo, Dickerson and Leventhal, JJ., concur.