THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES NIELSEN, Appellant. [933 NYS2d 381]—

Contrary to the People's contention, the defendant's argument that certain physical evidence and statements he made to law enforcement officials should be suppressed as the fruit of an unlawful arrest is preserved for appellate review (*see* CPL 470.05 [2]; *People v Wynn*, 25 AD3d 576, 577 [2006]). However, the Supreme Court properly denied those branches of the defendant's omnibus motion which were to suppress certain physical evidence and statements he made to law enforcement officials (*see United States v Knights*, 534 US 112 [2001]; *Payton v*

*New York*, 445 US 573 [1980]). The court's determinations that the defendant gave the police consent to enter his home (*see People v Gonzalez*, 222 AD2d 453 [1995]; *People v Washington*, 209 AD2d 817, 819 [1994]; *People v Schof*, 136 AD2d 578, 579 [1988]; *People v Taylor*, 111 AD2d 520, 521 [1985]; *see also People v Kalaj*, 247 AD2d 633, 633 [1998]) and voluntarily agreed to exit his home and accompany them to the police precinct (*see People v Minley*, 68 NY2d 952, 953 [1986]; *People v Cameron*, 74 AD3d 1223, 1224 [2010]; *People v Bhattacharjee*, 51 AD3d 684, 684 [2008]; *People v Morales*, 250 AD2d 782, 783 [1998]; *People v Dollison*, 221 AD2d 654, 655 [1995]; *People v Anderson*, 146 AD2d 638, 639-640 [1989]), are supported by the record. Angiolillo, J.P., Hall, Austin and Miller, JJ., concur.