People v Osbourne (2019 NY Slip Op 09028)





People v Osbourne


2019 NY Slip Op 09028


Decided on December 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
JOHN M. LEVENTHAL
ANGELA G. IANNACCI, JJ.


2019-00977
 (Ind. No. 1469/16)

[*1]The People of the State of New York, respondent,
v
Trevor Osbourne, appellant.


Robert DiDio, Kew Gardens, NY, for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Danielle M. O'Boyle of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Joseph A. Zayas, J.), rendered January 7, 2019, convicting him of attempted murder in the second degree, criminal possession of a weapon in the second degree (two counts), and reckless endangerment in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Deborah Stevens Modica, J.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
On February 3, 2016, the defendant fired several shots at the complainant. The police later traced the defendant's whereabouts to a location in North Carolina. On March 4, 2016, in a joint operation between New York and North Carolina law enforcement officials, the defendant was directed by the police, utilizing a long range acoustic device speaker, to exit an apartment wherein he was located. In addition to issuing the directives for the defendant to exit the apartment, the police played a siren and chirping noises through the speaker. At a suppression hearing, police officers testified that the defendant exited the apartment and was apprehended outside of the apartment. Following the hearing, the Supreme Court, upon crediting the officers' testimony, denied that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.
The defendant contends that his arrest violated his right under Payton v New York (445 US 573), and, therefore, that his statements to law enforcement officials should have been suppressed as the fruit of an unlawful arrest. Specifically, he contends that the use of the speaker was "a form of nonlethal force" which the police utilized to effect his arrest.
We agree with the Supreme Court's determination to deny that branch the defendant's omnibus motion which was to suppress his statements to law enforcement officials. "The credibility determinations of a hearing court following a suppression hearing are accorded great deference on appeal, and will not be disturbed unless clearly unsupported by the record" (People v Hobson, 111 AD3d 958, 959; see People v Prochilo, 41 NY2d 759, 761). There is no basis to disturb the court's determinations to credit the police witnesses in this case (see People v Kelly, 131 AD3d 484, 485). [*2]According to the hearing testimony of those witnesses, the defendant's arrest was effectuated when the police, without making any threats, directed the defendant to come out of the apartment and he voluntarily exited (see People v Garvin, 30 NY3d 174, 181; People v Spencer, 29 NY3d 302, 312; People v Reynoso, 2 NY3d 820, 821; People v Minley, 68 NY2d 952, 953-954; People v Cameron, 74 AD3d 1223, 1224). Consequently, the arrest of the defendant was not in violation of Payton v New York (445 US 573).
The defendant's remaining contentions are without merit.
RIVERA, J.P., AUSTIN, LEVENTHAL and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court