People v Toussaint (2022 NY Slip Op 01329)





People v Toussaint


2022 NY Slip Op 01329


Decided on March 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
REINALDO E. RIVERA
PAUL WOOTEN, JJ.


2014-04764
 (Ind. No. 10124/11)

[*1]The People of the State of New York, respondent,
v
Jean Toussaint, appellant.


Patricia Pazner, New York, NY (Kathleen Whooley of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Anthea H. Bruffee, and Sullivan & Cromwell, LLP [Jessica R. Ecker], of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Suzanne M. Mondo, J.), rendered March 4, 2014, convicting him of use of a child in a sexual performance (three counts), disseminating indecent material to minors in the first degree, attempted rape in the third degree, sexual abuse in the third degree, and endangering the welfare of a child (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
In November 2011, the defendant, inter alia, took nude photographs of the then 16-year-old complainant and attempted to rape her. After a jury trial, the defendant was convicted of use of a child in a sexual performance (three counts), disseminating indecent material to minors in the first degree, attempted rape in the third degree, sexual abuse in the third degree, and endangering the welfare of a child (two counts).
Contrary to the defendant's contention, with regard to his convictions of use of a child in a sexual performance, he did not establish, by a preponderance of the evidence, the affirmative defense that he had a good faith reasonable belief that the complainant was 17 years of age or over (see Penal Law § 263.20[1]; People v Bhattacharjee, 51 AD3d 684, 685).
The defendant's challenge to the legal sufficiency of the evidence underlying his convictions of attempted rape in the third degree, sexual abuse in the third degree, and endangering the welfare of a child is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt with respect to these counts. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence, we are satisfied that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348).
The defendant's contention that he was deprived of a fair trial by certain comments made by the prosecutor during summation is unpreserved for appellate review (see CPL 470.05[2]), and, in any event, without merit (see People v Kiarie, 198 AD3d 814, 815; People v Molina, 188 AD3d 920, 922). Furthermore, defense counsel's failure to object to certain summation comments did not constitute ineffective assistance of counsel (see People v Hughes, 199 AD3d 937).
DILLON, J.P., BRATHWAITE NELSON, RIVERA and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court